ZIMMER, Appellant, vs. BECKER, imp., Respondent.

*September 4 — September 21, 1886.*

*Compromise: Consideration.*

To sustain a compromise or settlement it is only necessary that the claims settled should have been in some doubt and their validity controverted in good faith, and that there should have been no fraud, undue advantage, or mistake in the settlement.

APPEAL from the Circuit Court for *Washington* County. The parties entered into a contract in writing under seal, wherein the plaintiff agreed to sell, and the defendants jointly to buy, several parcels of land for the aggregate price of $4,800. Of this sum $3,200 was to be paid in cash on a certain specified day, and the defendants were to assume and pay an outstanding mortgage on some portion of the land, given to secure $1,600, which made up the residue of the purchase money. The damages resulting from the failure of either party to perform the agreement were limited therein to $500.

As between the defendants, outside the written agreement, they were not joint purchasers of any of the land covered by the agreement. The defendant *Becker* was to pay $1,750 for a forty-acre tract which was to be conveyed to him, and the defendant Funk was to pay the balance of the agreed

price for the remainder of the land, which was to be conveyed to him in severalty. This was not embodied in the written agreement, and the plaintiff was not a party to the arrangement.

At the time stipulated for the performance of the agreement the defendant *Becker* was ready to perform on his part, but the defendant Funk was not. *Becker* thereupon paid the plaintiff $1,750, and the latter conveyed to him the forty-acre tract which he was to have under the arrangement with Funk. The plaintiff gave Funk a few day's additional time in which to perform the residue of the agreement between the three parties. Funk again failed to perform at the stipulated time, and the plaintiff demanded performance by *Becker*, who then refused to take the residue of the land. Pursuant to subsequent negotiations, the conveyance of the forty-acre tract was destroyed, and the plaintiff conveyed to *Becker* all the land covered by the original agreement, for the consideration of $4,400 — being $400 less than the original contract price.

This action was brought by the plaintiff against both defendants to recover damages for a breach of their agreement to pay $4,800 for the land. The foregoing facts are established by the pleadings and uncontradicted testimony, or, at least, by the testimony of the plaintiff. The defendant Funk made no appearance to the action, and judgment went against him by default. *Becker* answered, and defended the action.

The testimony given on the trial tended to prove that the defendant *Becker* refused to perform Funk's part of the contract on the ground that he was no longer liable thereon, and that one consideration of the contract by which *Becker* purchased the residue of the land was that the plaintiff should release him from any further liability on the original agreement, and look to Funk alone for his damages for the breach of such agreement. The jury were instructed that,

if such release was a consideration for that purchase, it was a valid agreement, and the defendant *Becker* was not liable in the action; otherwise the plaintiff should recover. The jury found for the defendant *Becker*. A motion for a new trial was denied, and judgment for *Becker* was entered pursuant to the verdict. The plaintiff appeals from the judgment.

The cause was submitted for the appellant on the briefs of *H. W. Sawyer*, and for the respondent on the brief of *H. K. Butterfield*.

For the appellant it was contended, *inter alia*, that when *Becker* paid the $400 less than the contract price he paid only a portion of the amount for which he was liable. Such a payment of a portion of his legal debt, or his consenting to take the land which he was bound under the contract to take, is not a consideration for a release. *Hooker v. Hyde*, 61 Wis. 204; *Otto v. Klauber*, 23 id. 471; *Palmer v. Yager*, 20 id. 91; *Davenport v. First Cong. Soc.* 33 id. 390; *Cumber v. Wayne*, 1 Strange, 426; 1 Smith's L. C. 549, note. A simple "controversy" is not a valid consideration. *Edwards v. Baugh*, 11 Mees. & W. 641; *Fuller v. Green*, 64 Wis. 159.

For the respondent it was argued, among other things, that the claim against the defendant was for unliquidated damages, and that therefore the payment of any portion, made in satisfaction of the entire claim, is a valid consideration for a release. *Jones v. Perkins*, 64 Am. Dec. 136, 138, note; *Stockton v. Frey*, 45 id. 138; *Donohue v. Woodbury*, 6 Cush. 148; *Cabe v. Jameson*, 10 Ired. Law, 193; *S. C.* 51 Am. Dec. 386. Even if the damages were liquidated, the consideration for the oral agreement as made and afterwards executed was sufficient, and plaintiff's action was barred. The new contract was a compromise of their differences. *Massing v. State*, 14 Wis. 502; *Calkins v. State*, 13 id. 389; *Sholes v. State*, 2 Pin. 499; *Reid v. Hibbard*, 6

Wis. 175; *Harris v. Kennedy,* 48 id. 500; *Palmer v. Yager,* 20 id. 91.

LYON, J.    Under the instructions of the court, the verdict for the defendant *Becker* is necessarily a finding that, in the contract by which the defendant *Becker* purchased the residue of the land included in the original agreement between the plaintiff of the one part, and the defendants *Becker* and Funk of the other part, the plaintiff agreed that *Becker* should be released from further liability by reason of the previous breach of that agreement, and that he would look to Funk alone for his damages therefor. The verdict is amply sustained by the testimony. The fact that such release was stipulated is therefore a verity in the case. If it is a valid release, this action cannot be maintained against *Becker.*    Whether it is valid or void is the controlling question in the case.

The release was part and parcel of the adjustment of a controversy between the parties to it. The plaintiff claimed that the defendant *Becker* was liable, with Funk, to respond to him in damages for the failure to pay the agreed price for, and take a conveyance of, all the lands included in the original agreement between the three parties. The circuit court correctly held that primarily he was so liable. But, when the time arrived for the execution of that agreement, the plaintiff accepted money, which, as between the defendants, *Becker* ought to pay, and conveyed to him the land which, as between the defendants, *Becker* was entitled to. He also gave Funk further time to perform the residue of the agreement, which, as between him and *Becker,* Funk alone ought to perform. This being the condition of affairs when the plaintiff demanded that *Becker* should pay the unpaid balance of the purchase money, *Becker* denied his further liability under the agreement. This was the controversy which was compromised by the purchase by *Becker*

of the residue of the land, the payment therefor, and the release in question.

Was it such a controversy as furnishes a valid and binding foundation for the release? The law concerning the validity of a compromise of such a controversy was stated by this court in *Kercheval v. Doty*, 31 Wis. 476. In the opinion, by DIXON, C. J., it is said: "To constitute a valid compromise and adjustment under such circumstances, and one which will not be opened or allowed to be disturbed by the courts against the will of either party, it is in general only necessary that there should, in good faith, have existed a controversy between the parties upon some subject of pecuniary value and interest to themselves, and with regard to which their rights, or the claims respectively set up by them, or by one of them and denied by the other, may be said to have rested in some degree of doubt or uncertainty at the time, and thus to have been proper matters for amicable arrangement and pacification, or for judicial investigation in case no arrangement had been made. *Calkins v. State*, 13 Wis. 394, and authorities there cited. To close the doors of dispute, therefore, and preclude all future investigation into the merits of the claims settled, these things only are requisite: that the claims should have been in some doubt, and their validity controverted; that they should have been asserted in good faith; and that there should have been no fraud, undue advantage, or mistake in the settlement."

In the present case the claim of *Becker* that he was no longer liable for the default of Funk was not so preposterous as to raise a presumption of bad faith on his part in making it. The facts that plaintiff accepted the money of *Becker*, and conveyed the forty-acre tract to him, which, as between the defendants, was a full execution of the contract on the part of *Becker*, and then extended the time (although with the consent of *Becker*) for Funk to perform on his

part, raises some question or doubt of *Becker's* further liability for Funk's default. It might be claimed, with some appearance of good reason, that the plaintiff thereby made himself a party to the agreement between the defendants (the terms of which he must then have known), and from thenceforth could only recover of either defendant for his individual default. Our impression now is that such a claim cannot be upheld; yet there is enough in it to require argument and deliberation before the court could properly finally adjudicate it one way or the other. So we think the merits of the subject matter of the controversy were sufficiently doubtful to support a valid compromise. We perceive no reason to doubt the good faith of *Becker* in denying his further liability for Funk's default, and there is no pretense of any fraud, undue advantage, or mistake in the transactions. Hence the release in question is valid, within the rule in *Kercheval v. Doty*, and judgment properly went against the plaintiff.

Several instructions were proposed on behalf of the plaintiff, which, in form, were refused by the court; yet all the correct propositions contained in them, material to the case, were sufficiently given in the general charge. The issue was a very narrow one, and was fully and clearly stated and submitted to the jury. Further reference to the instructions given or proposed is unnecessary.

*By the Court.*— The judgment of the circuit court is affirmed.

See note to this case in 29 N. W. Rep. 230.— REP.