Holbeck, Respondent, vs. Southside Malleable Casting Company, Appellant.

*January 9—February 4, 1936.*

The cause was submitted for the appellant on the brief of *Wood, Warner & Tyrrell* of Milwaukee, and for the respondent on that of *Corrigan, Backus, Sullivan & Backus* of Milwaukee.

FAIRCHILD, J. When the motion for a directed verdict was made by respondent, the evidence established the ownership of the note in suit which, by its terms, was past due;

that the contract was entered into as described in the pleadings; that the terms thereof relating to the construction of the machinery were complied with. It also appears that a considerable savings to appellant resulted from the use of the device installed by respondent. The exact extent of the saving over the 1928 cost for ten thousand tons of castings was not ascertainable, because the demand for such castings had diminished rapidly and almost immediately upon installation of the machinery. Evidently the occasion for dispute arose out of this failure of business to require the quantity of castings expected by appellant when the contract was made.

Appellant, at the time the first note fell due, although making payment to apply, insisted that notwithstanding the maturity of the notes, no payment of the principal was due, because under the terms of the contract pursuant to which the notes were given, the time of payment must be further deferred until adequate savings had resulted. The position of respondent was that he had furnished a serviceable equipment capable of saving a substantial amount for appellant and adequate to care for the maturing notes if appellant continued to operate on the basis of ten thousand tonnage of castings during the year; that this was the standard set in the contract. The evidence shows a number of conferences and a continuous exchange of correspondence resulting eventually in the compromising of differences in a settlement agreement, and the giving of the note in accord and satisfaction of all claims. The giving by appellant and the acceptance by respondent of the note upon which the action is brought is, by virtue of the compromise, an accord and satisfaction of the claims existing between them.

It is not necessary to set out in detail all the negotiations in reference to the adjustment of misunderstandings, nor is it necessary to discuss the merits of the respective claims un-

der the original contract. The first note for $11,000 fell due October 10, 1929. The interest was paid and the note renewed. The second note, for a like amount, became due January 10, 1930. The appellant, at that time, sent respondent two notes for $11,000 each in renewal of the then due notes, and sent the accrued interest. Respondent refused to accept the notes, and on February 24, 1930, the parties met at appellant's office and then discussed the fact of a saving from the operation of the machinery, and of the falling off of production as compared with the standard referred to in the contract. Respondent insisted that the notes then due should be paid with interest; that the failure of appellant to operate to the extent of ten thousand annual tonnage of castings could not preclude the respondent from his right to realize upon the notes. Appellant complained that it was operating its plant at not to exceed fifty per cent of capacity, but offered to pay all interest due, $5,000 on the first note, a new note of $6,000 to cover the balance on that note, and renew the note due January 10, 1930. This proposition was accepted and carried out.

Further renewals were made from time to time until January 4, 1932. At this time respondent called the attention of appellant to the due date of three notes, to wit: The $6,000 note and two $11,000 notes, together with interest aggregating $1,245, and then demanded payment and asked for an offer of disposition of the matter. Such proceedings were had that on January 11, 1932, appellant offered to pay the principal on a basis of thirty-five per cent discount. The proposition was accepted by respondent by telegram. The parties met later, and as a part of the adjustment then entered into, respondent executed and delivered an option in writing giving the appellant the right to pay the balance of the outstanding notes on the basis of thirty-five per cent discount of principal, together with full interest. This option

was for the period of ten days, and on January 16, 1932, appellant wrote as follows:

"Pursuant to your recent visit, we made arrangements to take care of the balance of the notes due you at a discount of 35%, within ten days, which would expire January 24th.

"In checking into this matter we find that the ten-day option is quite a short time and were wondering whether or not you could extend this option until February 15th.

"If we possibly can make arrangements to take care of this at an earlier date, we will certainly do so.

"I wish you would go into this matter further and see if it wouldn't be possible for you to extend the option as stated above.

"Assuring you that this will be appreciated and awaiting your prompt reply, we remain."

The request was granted by respondent. The option was not taken advantage of by appellant, and on February 23, 1932, it wrote in relation thereto, as follows:

"In regard to our option which expired on February 15th, kindly be advised that we are sorry that we could not find it convenient at this time to take the advantage as offered.

"We trust that in the near future we will be in a position to be able to take up the balance (of $32,000) still due."

The balance there referred to was a balance still remaining, payments having brought the balance down to $32,000. Again on October 15th of the same year, there was a further conversation with reference to the amount due, and an arrangement entered into under which the appellant gave a check for $510 and a note for $1,529.15, covering interest due, and a new note, being the note in suit, for $32,000. This note was dated back to July 10, 1932. On January 2, 1933, further correspondence between the parties ensued, further delay in payment occurred, but appellant expressed confidence in its letter that it would be able to pay the note in full April 6, 1933. On April 3, 1933, appellant notified respond-

cnt that a fire had occurred and there was a resulting damage of some $200,000, and made the following request:

"We are going to ask you to wait until we receive remittances from the insurance companies. . . . You may rest assured that your note will be taken care of in full."

From the recital of facts with relation to the giving of the $32,000 note, it appears that the verdict was properly directed, for the reason that appellant's repeated acts and conduct constituted an abandonment of any defense which may have existed in its favor arising out of the saving features of the contract, and amounted to an acceptance of the interpretation placed upon the contract by the respondent. The ruling of the trial court was based upon the proposition that the undisputed evidence showed that appellant had waived any defenses it may have had that there was a failure of consideration. The diminished production of castings and finally the complete shutdown of the plant by appellant made it impossible to determine what saving would result from the operation of the device furnished by respondent had it been operated to the capacity provided for in the contract. We find no error prejudicial to appellant.

*By the Court.*—Judgment affirmed.