Olson, Plaintiff, v. Northwestern Furniture Company, Defendant. [Two appeals.]

*December 5, 1958—January 2, 1959.*

180

For the plaintiff there were briefs by *Patrick H. Fass,* and oral argument by *Mr. Fass* and by *Miss Mary Jo Bate,* both of Milwaukee.

For the defendant there was a brief by *Zillmer & Redford,* and oral argument by *William C. Dill,* all of Milwaukee.

FAIRCHILD, J. A claimant's acceptance and retention of a payment which he knows is tendered by an alleged debtor in full settlement of a disputed obligation constitutes an accord and satisfaction. *Thomas v. Columbia Phonograph Co.* (1911), 144 Wis. 470, 129 N. W. 522. In that case a plaintiff had accepted and retained a check. An accompanying letter and statement had identified the account and stated that the payment was in full. Plaintiff wrote a letter showing that he so understood. In *Holbeck v. Southside Malleable Casting Co.* (1936), 220 Wis. 399, 264 N. W. 834, the giving and acceptance of a note in compromise and settlement of a disputed claim constituted accord and satisfaction. In *Lange v. Darling & Co.* (1940), 233 Wis. 520, 524, 290 N. W. 188, there was a dispute as to whether an obligation to pay a bonus was dependent upon fulfilment of a condition. Plaintiff accepted and retained a check which was accompanied by a letter stating that it was "the balance due on your 1934 bonus." It was held that this was an accord and satisfaction.

In the case before us the affidavits do not disclose any oral or written statements expressing the fact that the checks in question were tendered upon the condition that they be accepted in full settlement, except the notations on the checks themselves. It appears to be the general rule, however, that a notation "In full" upon the check sufficiently shows that the payment was tendered upon the condition that it be accepted in full satisfaction. 1 Am. Jur., Accord and Satisfaction, p. 225, sec. 24. See cases cited in Anno. 34 A. L. R. 1035, 1036, and Anno. 75 A. L. R. 905.

The check given May 3d met all the requirements. Plaintiff had ceased to be employed by defendant. It sufficiently appears that the amount of any obligation of defendant to plaintiff was in dispute. Plaintiff conceded that he knew the check was marked "In full" when he accepted and cashed it.

Plaintiff relies upon *Johann v. Milwaukee Electric Tool Corp.* (1953), 264 Wis. 447, 453, 59 N. W. (2d) 637. There recovery was sought upon an alleged contract for royalties on an invention assigned by plaintiff to defendant. Defendant claimed an accord and satisfaction where a payment had been made and plaintiff had accepted it in a written instrument as "In full settlement for special services . . . and work." It was there held that it was a jury issue whether the settlement was intended to cover all claims for royalties.

A similar issue might have been presented here if the May 3d check had contained the same notation as the March 6th check, "Salary in full." It appeared that plaintiff had claimed compensation which included weekly payments referred to by the parties at times as salary, reimbursement of expenses, and a commission on sales. There appears to have been no dispute about the weekly payments but there was a dispute both about the reimbursement of expenses and the existence of an agreement to pay commissions. There was nothing about the notation "In full" upon the May 3d check to suggest that it was to be accepted in full settlement of only one part of the disputed claim.

Plaintiff argues that he is entitled to a trial of the issues and suggests that the proof will show that the giving and acceptance of the two checks did not constitute a settlement of the claim for unpaid commissions and expenses. He has not, however, included in his affidavits any evidentiary facts tending to show that the May 3d check was not tendered upon the condition that it be accepted in full. Plaintiff has asserted in his affidavits the conclusion that the checks and the notations thereon are ambiguous but has not asserted any mistake or fraud.

We conclude that the circuit court correctly granted summary judgment for defendant.

Defendant asserted that a statement in one of plaintiff's pleadings was false and asked that the court determine whether perjury had been committed or whether plaintiff was in contempt of court. The circuit court stated in the written decision that this motion would be dismissed. No order to that effect was entered until long after the judgment. Defendant's appeal is from this latter order.

Defendant argues that if plaintiff's statement referred to was false, the trial court could have disregarded plaintiff's affidavit under the principle, *"falsus in uno, falsus in omnibus."* This argument is unsound because it assumes that a court, in deciding a motion for summary judgment, determines the credibility of the affiants. This is the only type of interest in the contempt proceeding which the defendant claims that it has. Even if defendant had such an interest, it could not survive the affirmance of the judgment in defendant's favor. We therefore dismiss the appeal as moot, although we do not perceive any theory upon which defendant could appeal from this order in any event.

*By the Court.*—Judgment affirmed; appeal from the order dated July 8, 1958, dismissed.