Superior Builders, Inc., Respondent, v. Large and wife, Appellants: Forbes and others, Defendants.

*No. 159. Argued October 5, 1971.—Decided November 2, 1971.*
(Also reported in 190 N. W. 2d 901.)

564

For the appellants there was a brief and oral argument by *Herbert A. Eggie* of Milwaukee.

For the respondent there was a brief by *Charne, Glassner, Tehan, Clancy & Taitelman, S. C.,* of Milwaukee, and oral argument by *Irvin B. Charne.*

WILKIE, J. Two issues are presented by this appeal:

1. Did the trial court properly conclude that the note and mortgage constituted an accord and satisfaction?

2. In view of the finding that the note and mortgage constituted an accord and satisfaction, did the trial court properly dismiss the counterclaim based upon the dispute between the parties?

*Were the note and mortgage a valid accord and satisfaction?*

The primary question in this appeal is whether the circuit court correctly found that the note and mortgage were an accord and satisfaction in settlement of all disputes between the parties. This raises questions of both law and fact.

The legal question is whether the settlement of disputes can constitute a valid accord and satisfaction. Ap-

pellants argue that respondent has not shown consideration which is essential to a valid accord and satisfaction. An accord and satisfaction is contractual and dependent upon such factors as consideration.[1] The law in Wisconsin has long been that the resolution of an actual controversy involving some subject of pecuniary value and interest to the parties is sufficient consideration for an accord and satisfaction. This proposition was first expressed almost a century ago in *Kercheval v. Doty*,[2] and has subsequently been reaffirmed several times.[3] Thus, if the evidence supports respondent's position that the accord and satisfaction was in consideration of the settlement of the disputes between the parties, it would be valid.

This is a question of fact. In the present case the appellants and their witnesses testified that the note and mortgage were in exchange for a quitclaim deed and a promise to do additional work, while respondent's witnesses, including appellants' first attorney, testified that the note and mortgage were an accord and satisfaction. We will not set aside a finding of fact such as the one made by the trial court here concerning the terms of the contract unless that finding is contrary to the great weight and clear preponderance of the evidence.[4] There is no reason here to upset the fact finding of the circuit court. Appellants' brief and oral argument assert evidence which was rejected by the trial court in making its findings. We find ample evidence in the record to

[1] *Rusch v. Sentinel-News Co.* (1933), 212 Wis. 530, 536, 250 N. W. 405; 1 C. J. S., *Accord and Satisfaction*, p. 473, sec. 4.

[2] (1872), 31 Wis. 476, 485.

[3] *Zimmer v. Becker* (1886), 66 Wis. 527, 531, 29 N. W. 228; *Continental Nat. Bank v. McGeoch* (1896), 92 Wis. 286, 313, 66 N. W. 606; *Galusha v. Sherman* (1900), 105 Wis. 263, 269, 81 N. W. 495; *see also:* 1 C. J. S., *Accord and Satisfaction*, p. 505, sec. 29 a (5).

[4] *E. g., Olbert v. Ede* (1968), 38 Wis. 2d 240, 243, 156 N. W. 2d 422.

support the trial court's determination that there was a valid accord and satisfaction here.

In oral argument appellants' counsel asserted that the fact that respondent never finished the building is a defense to the foreclosure action. It appears from the record, however, that the reason the work was not finished was because the final pay-out of the mortgage money was never made by the savings and loan association. It further appears that the savings and loan refused to make the pay-out because of liens against the money. This argument of why the work was not finished and why the pay-out was requested is not germane to this appeal because it has nothing to do with the consideration for the note and mortgage—the issue here.

### *Was appellants' counterclaim properly dismissed?*

Appellants counterclaimed for damages arising from allegedly poor workmanship and construction contrary to the specifications for the apartment building. The disputes alleged in the counterclaim are the same as those which were compromised in the accord and satisfaction. Having found that the note and mortgage constituted an accord and satisfaction, it is clear that appellants can no longer assert a claim based upon the compromised dispute. In *Kercheval v. Doty* [5] the court dealt with this very problem and concluded:

> " ' . . . if it were necessary, in order to sustain an adjustment of conflicting claims, to determine their relative validity and value, no compromise would be possible, and the uncertainty, delay and scandal would be incurred, which such arrangements are usually designed to avoid.' . . . ' . . . [W]hen a compromise has been fairly effected, its validity will be independent of the merits of the controversy on which it is founded, and it cannot be re-opened for the purpose, or with the effect, of reviving the dispute which it was meant to terminate.' "

[5] *Supra*, footnote 2, at pages 487, 488.

This rule has subsequently been reiterated by this court in varying situations.[6] Thus the allegations of the counterclaim were merged in the accord and satisfaction and can no longer be asserted.

Moreover, the trial court dismissed the counterclaim because the appellants failed to prove their claims. The only evidence to support the counterclaim was the testimony of an engineer, Thomas Villa, who examined the premises two years after the respondent had ceased work. While the credibility of this witness is for the trier of fact, even if taken as true his testimony does not prove the allegations of the counterclaim. Mr. Villa examined the building two years after respondent had ceased its work and was unable to relate his findings to the contract entered into between the parties because he did not use the same plans as agreed upon between the parties and because he had no personal knowledge of the agreement between the parties. We conclude that the finding of the circuit court that appellants did not show sufficient evidence to prove their counterclaim is not contrary to the great weight and clear preponderance of the evidence and should therefore be affirmed.

*By the Court.*—Judgment affirmed.

---

[6] *Holman Mfg. Co. v. Dapin* (1923), 181 Wis. 97, 102, 103, 193 N. W. 986; *Holbeck v. Southside Malleable Casting Co.* (1936), 220 Wis. 399, 404, 264 N. W. 834; *Grob v. Nelson* (1959), 8 Wis. 2d 8, 13, 98 N. W. 2d 457.