Molzahn and another, Appellants, vs. Christensen, Respondent.

*December 12, 1912—March 11, 1913.*

*Oral building contract: What included: Evidence: Prior conversations: Memoranda of estimates: Reasonable cost: Burden of proof: Trial: Special verdict: When conclusive: Allowance for unfinished work: Value not determined: Option to have new trial.*

1. The issue being as to what work and materials were embraced within an oral building contract, there was no prejudicial error in the exclusion of evidence of conversations between the parties prior to the making of the contract, which were in the nature of preliminary negotiations and not essential to an understanding of the contract finally made.

2. In an action to recover upon an oral building contract the terms of which were in dispute, and also for extra work and materials, where one of the plaintiffs was permitted, while testifying, to use a memorandum book containing estimates of the cost of the contract work for the purpose of refreshing his recollection, and to state that plaintiffs' bid was based thereon, there was no error in refusing to admit the book itself as evidence.

3. Evidence as to the reasonable cost of work done and materials furnished by building contractors is competent as bearing upon the question of what was embraced in their oral contract, where that is in dispute.

4. Upon conflicting evidence as to whether a bid by building contractors and their oral contract covered a barn only, or that and two other structures, the court properly submitted for

special verdict the questions whether the minds of the parties met and whether the contract covered all three structures; and, the findings of the jury thereon, approved by the trial court and not against the clear preponderance of the evidence, are conclusive on appeal.

5. Where, in an action on a building contract, the work was admittedly incomplete but the value of the unfinished work was not determined either by the verdict or by the evidence, it was proper to permit defendant to elect whether to have a new trial or to submit to a judgment for the balance found due without allowance made for such unfinished work.

6. In an action to recover for work done and materials furnished under an express oral contract, and also for extra work and materials, the burden is upon the plaintiff to show that the items claimed as extras were outside of the contract as established by the verdict.

APPEAL from a judgment of the circuit court for La Crosse county: E. C. HIGBEE, Circuit Judge. *Affirmed.*

The complaint in this case alleges two causes of action. For the first cause of action it is alleged that in April, 1909, the plaintiffs and the defendant "entered into a verbal contract by which the plaintiffs agreed to furnish the iron concrete reinforcement for a barn, and to furnish the labor for the completion of a barn, on the premises of the defendant in Vernon county, for the sum of four thousand nine hundred and forty-six ($4,946) dollars;" that prior to December 1, 1909, the plaintiffs duly performed all of the conditions of the contract to be performed by them, except the laying of a cement floor, the cost of which would not exceed $150; and that the defendant refused to permit the plaintiffs to finish the contract in this respect.

For a second cause of action it is alleged that between June 1, 1909, and December 1, 1909, the plaintiffs "performed work and labor on and about the construction and erection of a milk house and a foundation for a manure pit on the premises of the defendant, which said work and labor were reasonably worth the sum of two thousand six hundred and sixty-three dollars and seventy-eight cents ($2,663.78),"

under an agreement with the defendant that he would pay what the same was reasonably worth, and it is further alleged that between the 21st day of June, 1909, and the 15th day of October, 1909, the plaintiffs, at defendant's instance and request, "furnished iron, cement, hardware and waterproofing to the amount of one hundred and forty-one dollars and two cents ($141.02)."

The answer alleges that "the plaintiffs and defendant entered into a verbal contract by which the plaintiffs agreed to furnish the iron concrete reinforcement and to furnish the labor for the erection and proper completion of a barn, a milk and pump house, and a manure pit on the premises of the defendant in Vernon county, for the sum of $4,946." It is admitted that the work which is unfinished would not exceed $150, and it is alleged that the defendant has not refused to allow the plaintiffs to complete this unfinished floor. It is also admitted that "plaintiffs furnished iron, cement, hardware and waterproofing to the amount of $141.02, for which defendant promised to pay as and for extras required on said building." The other allegations of the complaint are denied.

The undisputed evidence shows that in the fall of 1908 the defendant began the erection of the milk house and manure pit, that the plaintiffs performed work and furnished labor in mason and concrete work on these structures, and that the work was interrupted by the cold weather. In the spring of 1909 the defendant had a number of conferences with the plaintiffs with reference to the erection of the barn and turned over to them the plans of the barn for them to figure upon.

The defendant testified that in the conferences with the plaintiffs he had fully and exactly informed the plaintiffs of the plans and specifications for the milk house and the manure pit and had shown them his drawings therefor, of which the plaintiffs admit they had a blue-print in June, 1909. The

defendant testified that he had several conferences with one
of the plaintiffs in March and April, 1909, explained the
plans about the milk and ice house, the manure pit, and the
barn to him, and asked him then what all the work would
cost, and told the plaintiff, in response to his inquiry, that it
would be best for him to figure on the finished job. Some
time in May the plaintiff came to the defendant's office and
told the defendant the price of the work, including the iron
in the horse barn, would be $4,946. The plaintiffs claim and
testified that this sum was for the work on the barn only, and
did not include any of the work on the other structures.

The evidence tends to show that the contract of the plaint-
iffs was to furnish only labor for mixing and placing the con-
crete and doing the mason work, and, as incidental to the con-
crete work, perhaps, the construction of scaffolding, but the
account presented by the plaintiffs shows that other work was
performed by them, such as helping at threshing, carpenter
work, etc., and that the defendant furnished them with some
assistance in the performance of their concrete work. The
court allowed the estimates made by the plaintiffs as to the
cost of the various structures, and evidence of the value of
the work done by plaintiffs, to be introduced in evidence only
in so far as they bore on the question of whether or not all of
the work done was included in the one contract.

The jury returned the following verdict:

"(1) Did the minds of the parties meet in respect to what
work· was to be performed and material furnished for the
sum of $4,946? A. Yes.

"(2) If you answer question number 1 'Yes,' then did the
contract for the sum of $4,946 include the work and labor
to be performed and material to be furnished by the plaintiffs
on the milk house and manure pit? A. Yes.

"(3) If you answer question number 1 'Yes,' and ques-
tion number 2 'No,' then what was the fair reasonable value
of the labor performed and the iron work furnished by the
plaintiffs upon the milk house and manure pit? A. ———.

"(4) If you answer question number 1 'No,' then what was the fair reasonable value of the labor performed and the iron furnished by the plaintiffs upon the barn, milk house and manure pit?  A. ——."

Motions for changing the answers to the questions of the verdict and to set aside the verdict and grant a new trial were denied. This is an appeal by the plaintiffs from the judgment in their favor for costs and the balance due on the account as determined by the court.

*Frank Winler,* for the appellants.

*James Thompson,* for the respondent.

The following opinion was filed January 7, 1913:

Siebecker, J.   The plaintiffs contend that the court erred in excluding part of the conversations that took place between the defendant and the plaintiffs relating to the work before they had complete plans for the barn, milk house, and the manure pit.   The prior interviews are not essential to ascertain what was embraced in the contract finally and actually made.   True, some of these prior interviews referred to part of the structures covered by the contract as found by the jury, but they were in the nature of preliminary negotiations and not essential to an understanding of the contract finally made by the parties.   The vital question litigated was this: What work and material was embraced in the contract for which the defendant agreed to pay the plaintiffs the sum of $4,946 ? These prior conversations had only a very slight bearing on this question, for it appears that the parties thereafter included them in their subsequent negotiations for the erection of a barn.   The evidence adduced sufficiently explained what relation these prior negotiations had to the contract finally made, and no substantial injury was done by the exclusion of this evidence.

It is furthermore contended that the court erred in refusing to admit a memorandum book as evidence.   This book

contains entries of estimates of the cost of erecting the barn. These entries were made by one of the plaintiffs, and they claim to have based their bid for the construction of the barn upon these estimates. The court permitted one of the plaintiffs, while testifying, to use the book as a memorandum to refresh his recollection and to state that plaintiffs' bid to build the barn for $4,946 was based thereon. This, it seems, was all the legitimate use that could be made thereof. The entries in this book were not shown to the defendant as the amount for which plaintiffs would erect defendant's barn; nor is the book in the nature of a book of account, containing entries of such transactions between the parties. The exception presents nothing to show that appellants were in any way prejudiced by the court's ruling.

The next question argued is to the effect that the appellants were prejudiced by the reception of evidence of the reasonable cost of the work done and the material furnished by the plaintiffs in erecting and constructing the barn, milk house, and manure pit. The purpose of this evidence was to aid the jury to ascertain what the contract based on plaintiffs' bid to do work for $4,946 actually included. We are unable to perceive how plaintiffs could be prejudiced thereby. The evidence would aid the jury in resolving the wide discrepancies in the respective claims of the parties as to what was the actual value of the work performed as compared with the value of the work the parties claimed was embraced in the contract.

By the answer to question 1 of the special verdict the jury found that the minds of the parties met as to what work was to be performed and what material should be furnished by the plaintiffs for the sum of $4,946, and by question 2 that the contract so made by the parties included the work, labor, and material plaintiffs were to furnish on the milk house and the manure pit. Appellants aver that the court erred in refusing to change the answer to question 1, for the reason that the evidence does not sustain the jury's conclusion that there

was a meeting of the minds of the parties that the $4,946 was to be compensation for all work and material furnished by the plaintiffs for the milk house and manure pit as well as for the barn. Counsel argue at length upon the improbability that the parties had any such intention when they agreed upon this sum. The jury, however, manifestly placed reliance on the facts and circumstances detailed by the defendant, to the effect that, after he had gone over the plans for all three structures, he asked one of the plaintiffs what all this work would cost and that plaintiff a few days thereafter informed him it would amount to $4,946, and that when he accepted this offer it was mutually understood that the cost of the three structures was to be included therein. Under this conflict in the evidence the court properly submitted the issues in the form it did, and this court cannot say that the findings of the jury thereon are against the clear preponderance of the evidence.

The court, after verdict, stated, upon the facts it deemed to be undisputed, the result of the trial to be:

| | | |
|---|---|---|
| Plaintiffs' credit by contract...................... | | $4,946 00 |
| For iron, cement, hardware, and waterproofing... | | 141 02 |
| Total ...................................... | | $5,087 02 |
| Defendant's credit on cash paid..... | $4,693 31 | |
| Labor of men....................... | 122 40 | |
| By unfinished work on barn......... | 150 00 | |
| Total .......................... $4,965 71 | | $4,965 71 |
| Balance due plaintiffs.................. | | $121 31 |

The court found that defendant's claim for unfinished work on the manure pit was undetermined, having been omitted from the verdict, and on this account held that the defendant was entitled to a new trial, if he desired one, and therefore gave him the right to elect to have a new trial on account of this error or to submit to judgment against him for $121.31, the balance due plaintiffs according to the account as above stated. Defendant elected to have judgment awarded against him for such amount. The appellants in-

sist that the court erred in awarding this judgment, upon the ground that it appears by the undisputed proof that they were entitled to credit for the additional sum of $549.72 for work and labor performed by them for the defendant and not included in the contract as found by the jury. ´ It appears that the plaintiffs submitted a statement to defendant of their claims for extras and the items of credit they allowed him for cash payments, freight paid for him, and for labor defendant had furnished them.    The court allowed defendant the item of labor at the sum the appellants admitted they owed the defendant therefor, but allowed plaintiffs nothing for labor which they claim to have furnished the defendant in performing his part of the work of construction.    The items plaintiffs claim to have furnished defendant and which they claim there is no evidence to dispute are 975 hours of common labor, $219.12; 246 hours labor by Mr. Lyons, $134; 254 hours labor by Mr. Betz, $88.90; and 359 hours labor by Mr. Gallagher, $107.70.    See Exhibit 3.    True, there is nothing in the evidence showing that this labor was not performed, but it is not shown that this was labor which the plaintiffs were not to furnish under the contract.    The statement, Exhibit 3, containing these items, contains other items for extras which the plaintiffs charged against the defendant upon the theory that all labor and materials furnished by them on the milk house and manure pit were extra work and materials, and we are not informed but that these items or parts thereof include labor which the jury found was included in the contract and covered by the $4,946.    The trial court refused to allow plaintiffs these items or any part thereof, which indicates that it understood they were not indisputably shown to be extras, and it treated them as covered by the contract, so far as shown by the evidence.    The burden was on the plaintiffs to show that all or parts of these items were outside of the contract as established by the verdict.    This they have failed to do and it cannot be held that

any prejudicial error was committed against their rights in the matter.    We find no reversible error in the record and the judgment must stand.

    *By the Court.*—Judgment affirmed.

    A motion for a rehearing was denied, with $25 costs, on March 11, 1913.