HAMMERSBERG, Appellant, vs. NELSON and another, Respondents.

*March 8—April 7, 1937.*

For the appellant there was a brief by *Higbee & Higbee,* attorneys, and *Robert D. Johns* of counsel, all of La Crosse, and oral argument by *Mr. Johns.*

For the respondents there was a brief by *George H. Gordon, Law & Brody* of La Crosse, and oral argument by *Lawrence J. Brody.*

NELSON, J. Early in the summer of 1934, the defendant, Mary J. Nelson, hereafter called the "defendant," was desirous of remodeling a certain dwelling house belonging to her. She requested the plaintiff to submit a proposal for the plumbing work and equipment. Several conferences were had with the plaintiff at which the defendant outlined what she desired. On July 21, 1934, the plaintiff submitted a written proposal by which he offered to furnish and install the desired materials and fixtures for the sum of $790. The defendant did not immediately accept the plaintiff's bid, either orally or in writing. The defendant apparently was not ready at that time to proceed with the work of remodeling. The defendant retained the proposal, but apparently said nothing to the plaintiff about the work or plaintiff's pro-

posal until in February, 1935. At that time the plaintiff talked to the defendant as to when he might begin the work, and in March, 1935, he commenced to work on the defendant's job. The plaintiff, apparently, was willing to proceed with the work. He did not refer to his proposal made to the defendant in July, 1934, or tell her that it was withdrawn or object to her delay in proceeding with the work. He simply went ahead with the work,— well knowing that the defendant's plans had been materially changed, particularly with respect to the kind and number of the plumbing fixtures. The plaintiff acquiesced in such changes, and furnished a number of plumbing fixtures not listed in his proposal, without any understanding or agreement as to the price of such fixtures or the cost of installing them. When the work was completed the plaintiff rendered a bill to the defendant based upon the reasonable value of the labor, materials, and fixtures furnished. The defendant refused to settle on that basis, and this action was thereafter commenced. On two different nights while the work was in progress, but when the plaintiff was not on the job, flood waters backed up into the defendant's basement, causing considerable damage to her furniture and furnishings there stored. The defendant asserted that the failure of the plaintiff promptly to install two certain gate valves in the basement, as requested, was the cause of her damage.

Upon the trial the plaintiff took the position that his proposal was never accepted by the defendant, and that his proposal never ripened into a contract. The defendant, on the other hand, took the position that when she told the plaintiff to go ahead with the work she thereby accepted his proposal. She conceded that a number of extras were furnished. Much of the testimony adduced related to the asserted liability of the plaintiff for damages suffered by the defendant as a result of the water backing up into her basement. Upon

cross-examination the plaintiff specified certain extras furnished by him and the reasonable value thereof, to wit:

| | |
|---|---:|
| Two gate values at $16.50 | $ 33.00 |
| Three closets at $25.95 | 77.85 |
| One lavatory pedestal | 14.03 |
| One extra floor drain | 1.50 |
| One extra recess bathtub | 30.75 |
| Two roof flanges at 87 cents | 1.74 |
| Amounting to | $158.87 |

The plaintiff testified to the furnishing of extra pipe, but could give no estimate as to the amount or value thereof. When asked as to the reasonable value of the services required to install the extras, he apparently was not prepared to give an opinion. He did say that the extra labor would amount to more than $75. The defendant, however, produced a witness, Ambrose Smith, who had been engaged in the plumbing business for twenty-three years. He testified that the defendant had furnished him with a list of the extras furnished by the plaintiff, and that the reasonable value of such extras, materials, and labor was $444.

The trial court held, while the trial was in progress, that there was no evidence tending to support the defendant's claim that the plaintiff was responsible for the damage caused by the flood waters backing up into her basement. Upon the closing of the testimony, the court was of the opinion that the plaintiff could recover only the contract price and for the extras furnished. The court thereupon computed the amount of the extras as follows:

| | |
|---|---:|
| Gate valves | $32.20 |
| Three closets | 77.85 |
| Lavatory pedestal | 14.00 |
| Floor drain | 1.50 |
| Bathtub | 30.75 |
| Galvanized flashings | 1.60 |

computing the total at $158.90, instead of $157.90. To this it added the contract price of $790, making a total of $948.90. From the amount to which it found the plaintiff entitled, it deducted the amounts paid on the account totaling $850, and the store bill amounting to $80.46, making a total of $930.46, and leaving a balance due the plaintiff of $18.50.

The court obviously intended that the plaintiff should recover for the value of the extras as testified to by him which, according to his testimony, amounted to $158.87, instead of $157.90. The court wholly ignored the testimony of Mr. Smith, who testified that the reasonable value of the extras and the labor of installing them was $444. That testimony was adduced by the defendant and cannot be ignored.

In our opinion, the trial court was correct in holding that the plaintiff's proposal was accepted by the defendant when, pursuant to his request as to when he might go ahead with the work, she authorized him to go ahead. Had the plaintiff, in February, 1935, objected to going ahead with the work or objected to the defendant's accepting his proposal after the lapse of about eight months, a different question would be presented. Eight months might well be considered an unreasonable length of time in which to accept a bid or proposal. It was, of course, not necessary that the defendant orally or in writing, formally accept the plaintiff's proposal. Restatement, Contracts, § 29, and Wisconsin Annotations to § 29.

The plaintiff, therefore, in our opinion, was entitled to the following recovery: The contract price, $790; the reasonable value of the extras, $158.87; totaling the sum of $948.87. In addition to this, the plaintiff was obviously entitled to be paid for the reasonable value of the additional pipe, etc., furnished in connection with such extras and also to reasonable pay for the installation of them. The defendant's own witness testified that the reasonable value of the extras furnished and the labor of installing them was $444. The value of the extra fixtures alone, as testified to by the plaintiff, was

$158.87, leaving the additional balance of $285.13, due the plaintiff. The total of these sums is $1,234. From this should be deducted the sum of $850 paid by the defendant to the plaintiff, and the store bill of $80.46, making a total of $930.46. Subtracting the amount with which the defendant should be credited from the amount due the plaintiff, leaves a balance of $303.54. This is the amount, upon the undisputed credible evidence, for which judgment should be entered in favor of the plaintiff.

*By the Court.*—The circuit court for La Crosse county is directed to modify its judgment in accordance with the opinion so that the judgment in favor of the plaintiff will be for $303.54, instead of $18.50. The judgment, when so modified, is affirmed. The appellant to recover costs in this court.