PIEHL, Respondent, vs. MARINO and another, Appellants.

*March 10—April 12, 1949.*

For the appellants there was a brief by *McGowan, Geffs, Geffs & Block* of Janesville, and oral argument by *Eli Block*.

For the respondent there was a brief by *Thorson, Seymour & Lehman* of Elkhorn, and oral argument by *A. T. Thorson.*

HUGHES, J.    The principal dispute arises over the charge made by plaintiff for labor.    He paid wages on the basis of three scales:

| Paid workmen | Charged to defendants |
|---|---|
| $1.10 | $1.70 |
| 1.25 | 1.80 |
| 1.35 | 1.90 |

It was the contention of the plaintiff that the parties had agreed the labor would be charged at a flat rate.    He admits that he did not have any understanding with the defendants as to what the "flat rate" was to be.    His testimony was that he was going to charge a flat rate of about fifty cents per hour for each man over and above the cost per hour to him.    He makes no assertion that he communicated this to the defendants.

Defendant R. Marino testified that he understood the contract was to be cost plus ten per cent.

The trial court allowed judgment as sought by plaintiff because approximately fifty cents per hour surcharge was the practice of plaintiff during the period.    In so doing the trial court erred.    There was no contention that defendants had any knowledge of plaintiff's usual markup on wages, so that they would be bound thereby.    The plaintiff testified that he arrived at the surcharge because it seemed "fair" and on the basis of previous experience which he had "with a very high-class architect."

The record affords no basis for holding that there was an express contract on a flat charge for hourly work performed. If there is any enforceable contract in existence between the parties, it must be as stated by defendants—cost plus ten per cent on material and labor.    The question of whether the ten per cent extended to the supervision of subcontract work is

one of fact for the trial court. If there is no enforceable contract, plaintiff must rely upon *quantum meruit*. In any event, there must be some relation between the cost of labor to the plaintiff and his charge therefor to the defendants.

Plaintiff argues that small builders do not keep a cost accountant. This may be true, but there are some pretty well-established rules in the trade by which the reasonableness of the plaintiff's surcharge on labor to cover insurance, social security, overhead, and other costs, can be tested. In the absence of an express contract as to amount, the burden rests upon the plaintiff to establish not only his charge, but that it is reasonable.

Defendants contend that they are entitled to judgment upon the record because more has been paid to plaintiff than the work was reasonably worth.

This contention is based upon the fact that defendants offered the testimony of two witnesses (carpenters) who submitted bids to the defendants before the job was given to the plaintiff, and stated the amounts for which they were willing to perform. This is not the proper measure of the value of the services of the plaintiff. Admittedly there were changes made, and the proper evaluation must be by competent witnesses who examine the work as completed.

Since there must be a new trial, we see no need to examine the question of whether the record discloses failure of performance of the. contract in a good workmanlike manner. This issue will be resubmitted upon the new trial.

*By the Court.*—Judgment reversed and cause remanded for a new trial.