CENTRAL REFRIGERATION, INC., Respondent, vs. MONROE
and another, Appellants.*

*March 5—April 3, 1951.*

---

\* Motion for rehearing denied, with $25 costs, on June 15, 1951.

For the appellants there was a brief by *Willis E. Donley* of Menomonie, and *Devos & Skroch* of Neillsville, and oral argument by *Mr. Donley.*

For the respondent there was a brief by *Smith, Okoneski, Puchner & Tinkham* of Wausau, and oral argument by *Charles F. Smith.*

GEHL, J.   Plaintiff moved for an order dismissing the appeal for failure of the appealing defendants to serve notice thereof upon the other defendants.  At the time of the appeal the action had been dismissed as to these defendants; they were no longer parties upon whom notice of appeal is required to be served.

The complaint alleges that the work of construction was agreed to be paid for on a basis of cost plus ten per cent, also that the reasonable value of the labor and materials put into the construction was in excess of $85,496.74.

The defense is that it was agreed that plaintiff would furnish the work and materials for $50,000.

The trial judge in his memorandum opinion stated that defendants had failed to establish that it had been agreed that plaintiff would perform for the price of $50,000; that plaintiff had failed to establish that defendants had agreed to pay on a cost-plus-ten-per-cent basis, and that therefore the amount of plaintiff's recovery should be based upon *quantum meruit.*  Formal findings were made accordingly.

There was no written agreement.  Defendants contend that therefore the court may not grant judgment of foreclosure. They construe secs. 289.01 (1) (a) and 289.01 (4), Stats., to mean that foreclosure may be had only where the price of the work is fixed by the contract.  The answer to that contention is found in *Hutchins v. Bautch,* 123 Wis. 394, 396, 397, 101 N. W. 671, where it is said:

"There is nothing in our statutes suggesting as an essential to a lien on realty, . . . that the terms of the contract

must be so precise that the amount agreed to be paid for work and material furnished thereunder can be definitely determined therefrom. . . . It is sufficient as to any work or material that it be in fact included in the contract."

Defendants' next contention is based upon their assumption that plaintiff had agreed to perform on a cost-plus-ten-per-cent basis. As has been pointed out, the trial judge found that plaintiff had not so agreed.

Before work was begun plaintiff bought and paid for the building site and aided defendants in obtaining a loan. In his memorandum opinion the judge stated casually that with respect to those parts of the transaction plaintiff's representative acted as defendants' agent. No formal finding to that effect was made, nor can we determine that if the relationship did exist it continued during the entire period of construction.

We do not consider that it would serve any useful purpose to recite the evidence and refer to that which supports the trial judge's findings. It is enough to say that it is so conflicting that under familiar rules, rules so well known that citation of authorities should be unnecessary, the findings cannot properly be disturbed.

In the absence of proof of an agreement as to a definite price and upon failure of proof that plaintiff agreed to perform on a cost-plus basis, the court was compelled to allow recovery on the basis of *quantum meruit*.

"Where there is no agreement as to the amount, a promise to pay the reasonable value of such services is implied." 9 Am. Jur., Building and Construction Contracts, p. 15, sec. 18.

The defendants made no attack upon the court's finding that the reasonable value of the completed building and the land bought by plaintiff for defendants is $85,496.74. In any case, there is ample support for the judge's finding in that respect.

This disposes of defendants' contention that, because of the claimed relationship, plaintiff may recover, not the reasonable value of the building, but only the actual cost thereof.

We are unable to say that any of the court's findings are against the preponderance of the testimony.

*By the Court.*—Motion to dismiss the appeal is denied. Judgment affirmed.