OLBERT, Respondent, v. EDE, Appellant.

*January 31—February 27, 1968.*

242

For the appellant there was a brief and oral argument by *Edwin Larkin* of Mondovi.

For the respondent there was a brief by *Randall E. Morey* and *Whelan, Morey & Morey,* all of Mondovi, and oral argument by *Randall E. Morey.*

HEFFERNAN, J. A finding of fact by the trial court will not be set aside unless it is contrary to the great weight and clear preponderance of the evidence. *Mitchell v. Western Casualty & Surety Co.* (1966), 30 Wis. 2d 419, 141 N. W. 2d 212; *Sid Grinker Co. v. Craighead* (1966), 33 Wis. 2d 42, 146 N. W. 2d 478. The crucial finding in the instant case is that the original plans and specifications were abandoned to the extent that it is impossible to trace the original contract in the work done.

The respondent in his brief enumerates 69 changes, many of which are of a substantial nature, that represent marked deviations from the original contract. The record is rife with alterations that were made while the work progressed. In addition to the work and labor claimed by appellant which exceed the original contract price by $2,751.82, it is acknowledged that the owner paid approximately $7,000 to others for labor and materials in connection with the home construction.

The respondent was asked these questions and gave these answers:

"*Q.* Was the house that was built, built in such a manner as to vary a little from those plans? *A.* You mean the size?

"*Q.* Any feature of the house. *A.* That isn't the house that was built.

"*Q.* A different house than those shown on the plans was built, wasn't it? *A.* That's right. The basement was the same as on the plans, I think."

In view of this undisputed evidence, it is apparent that the house that was built was very different than the one originally contemplated. The finding that the original plans and specifications were abandoned, to the extent that it was impossible to trace the contract in the work done, was not contrary to the great weight and clear preponderance of the evidence. The court's finding must be sustained.

A builder can recover from the owner for the reasonable value of extras furnished at the owner's request. *Hammersberg v. Nelson* (1937), 224 Wis. 403, 407, 272 N. W. 366. That principle is applicable when the original contract has been followed, and when there have been additions or substitutions that can be harmonized as additions to the original contract, the amount to be recovered in such a case is the contract price less deletions plus the cost of the extras.

In the instant case a different standard of compensation must be used. Herein it is apparent that the owner, with the acquiescence of the contractor, insisted on great variances from the original plan. In addition, the owner's conduct in ordering material and labor from third parties is probative of his desire to proceed with construction not contemplated by the contract. So substantial were these changes that the owner testified that the house as built was not the one specified, although he "thought" the dimensions of the basement were the same.

Under these circumstances the contractor's compensation is to be measured as though there were no contract at all. The general rule, which we adopt, states:

"If there is no special agreement, the builder's compensation is the reasonable value of the services rendered and the materials furnished by him; and this is so, also, where the building plan is abandoned to such an extent that it is impossible to trace the contract in the work done." 17A C. J. S., *Contracts*, p. 374, sec. 367 (1).

We conclude that the rule of law applied was proper under the circumstances. Under this state of the record, the judgment must be affirmed.

The respondent has asked that double costs be assessed against the appellant for failing to prepare and print an appendix summarizing the testimony. It is clear that the resolution of this case hinged upon an examination of the facts, and had not the respondent provided the court with a summary of the evidence, the examination of a 700-page transcript of the trial testimony would have been exceedingly burdensome. We have recently reiterated our position that when, contrary to sec. (Rule) 251.34 (5) (c), Stats., the appellant's brief contains no abridgment of the testimony, we will assume that the court's findings are supported by the evidence (*Martinson v. Brooks Equipment Leasing, Inc.* (1967), 36 Wis. 2d 209, 224, 152 N. W. 2d 849, 154 N. W. 2d 353), and we could have, in the absence of the appendix and without recourse to the transcript, reached that conclusion.

In the instant case we are, however, satisfied that the appellant in good faith omitted the abridgment of the testimony on the assumption that only a question of law was involved. Additional costs or penalties are to be imposed only "Where it satisfactorily appears that the rules relating to the preparation and printing of a brief, including the appendix, have been flagrantly disregarded or there is an absence of a good faith attempt to comply

therewith . . . ." Sec. 251.38 (2), Stats. While optimum prudence should have guided counsel to furnish an abridgment of the testimony, his dereliction was neither flagrant nor characterized by lack of good faith.

Since respondent was obliged to print the appendix, he is entitled to that expense as ordinary costs, but the circumstances do not warrant the imposition of a penalty.

*By the Court.*—Judgment affirmed.