LA VELLE and another, d/b/a LA VELLE-OVERTON GENERAL CONTRACTORS, Plaintiffs and Respondents, v. DE LUCA and others, copartners, d/b/a DE LUCA'S RESTAURANT & COCKTAIL LOUNGE, Defendants and Third-Party Plaintiffs and Appellants: LINCOLN SAVINGS & LOAN ASSOCIATION, Defendant: VER HALEN, INC., and another, Third-Party Defendants and Respondents. [Case No. 140.]

DON SCHUSTER ELECTRIC CORPORATION, Plaintiff and Respondent, v. DE LUCA and others, copartners, d/b/a DE LUCA'S RESTAURANT & COCKTAIL LOUNGE, Defendants and Appellants: LA VELLE and another, d/b/a LA VELLE-OVERTON GENERAL CONTRACTORS, and another, Defendants and Respondents. [Case No. 141.]

*Nos. 140, 141. Argued October 6, 1970.—Decided November 3, 1970.*
(Also reported in 180 N. W. 2d 710.)

For the appellants there was a brief by *Peregrine, Schimenz, Marcuvitz & Cameron* of Milwaukee, and oral argument by *Alan Marcuvitz.*

For the respondents La Velle and Overton d/b/a La Velle-Overton General Contractors and Cudahy Lumber & Supply there was a brief and oral argument by *Thomas J. Bergen* of Milwaukee.

For the respondent Don Schuster Electric Corporation there was a brief and oral argument by *Terese A. Tillman* of Milwaukee.

HALLOWS, C. J.  The brief of De Luca raises five questions which may be telescoped into two: (1) Is there sufficient evidence to sustain the court's finding of the nature of the contract entered into by La Velle and De Luca for the remodeling of the restaurant and cocktail lounge; and (2) is there sufficient evidence to support the trial court's findings of the amounts due La Velle, Cudahy, and Schuster?

At the outset we point out the well-established appellate rule that unless the findings of the trial court are against the great weight and clear preponderance of the

evidence they should not and will not be disturbed on appeal. Some years ago this court stated another salutary rule and in view of the workload of this court, it should be revived and followed, namely, "When the only question involved is whether the evidence supports findings and we consider that it does, we do not ordinarily file an opinion. Were this the only question involved we would not file one in this case." *Jacobson v. Bryan* (1944), 244 Wis. 359, 361, 12 N. W. 2d 789. Thus, in this opinion we will discuss only the facts sufficient to raise the questions of law underlying De Luca's contention the findings are not sustained.

The court found the agreement between De Luca and La Velle was to remodel the building on a time and material basis and not for a fixed price plus extras as contended by De Luca. We think the evidence sustains this finding. It may be that another trier of the fact could have reasonably found that a contract for a fixed price was entered into but the finding the contract was a time and material one is not against the great weight and clear preponderance of the evidence. At the beginning, at the instance of De Luca, La Velle submitted a price to remodel the restaurant and cocktail lounge in the sum of $10,471, but De Luca thought the price was too much, and an understanding was arrived at to do the work listed in the proposal on a time and material basis but not to exceed the amount of the proposal. The work was to be done in two weeks during August of 1966, and included the removal of a partition wall between the bar and the dining room, the installation of a new wall with masonite panel, repair of a structural beam in front of the building, replace ceiling tile and ceramic tile damaged in the repair of the beam, the installation of new stairs, a new partial landing and a new ceiling over the stairs, remodeling the bar, about $500 of electrical work and $350 of plumbing.

However, before the work had hardly started, De Luca wanted air conditioning in the bar and dining rooms. An estimate of $6,000 to $8,000 was rejected by De Luca, so it was agreed that five window air-conditioning units should be installed. This installation required the removal of refrigeration units in the barroom and adapting the new units to window openings. Other additional work included the removal of the boxed-in piping in the ceiling of both the lounge and the dining room and a new ceiling rather than the originally planned repair of the ceiling due to the removal of the partition wall. Some dead heating pipes were removed. De Luca decided the recessed lighting should be removed and replaced with ornamental lights. Special lighting was ordered for the dining room and De Luca chartered an airplane to go to Kentucky to get light fixtures so the job could be completed within the two-week period. When Schuster's electricians broke through the ceiling and discovered old box BX cable, it became necessary under the electrical code to modernize the entire electrical circuit in the bar and dining rooms. Major cracks in the east wall of the living room had to be repaired. The bar was redesigned from the original proposal to increase its capacity. The entrance to the premises was redesigned and rebuilt so the public could enter through the street door and the walls in the entry were panelled with wood. In short, the original job grew like Topsy but in considerably less time and resulted in a bill in excess of $27,000 submitted by La Velle for $24,174.59 after payment credit of $3,500.

De Luca's contention is that the contract was for a definite sum of $10,471 and the additional work consisted of extras, which La Velle is required to separate, and the recovery for such extras must be in *quantum meruit*. This view would require La Velle to prove the reasonable value of the extras because no agreement existed as to their price. The law so holding is *Molzahn*

*v. Christensen* (1913), 152 Wis. 520, 139 N. W. 429; *Venzke v. Magdanz* (1943), 243 Wis. 155, 9 N. W. 2d 604. But, this argument is not valid because the trial court rejected this view of the facts and found the case was not one of extras but one for time and material originally and continued to be such until the end.

We think the trial court was correct in its view and in using the term "time and material basis" as not restricted to the bare bone costs of what La Velle paid his workmen and for material but included these items plus overhead and profit which the building contractor usually charged. Sometimes these costs of doing business are included in the rate charged for labor and sometimes they are considered as separate items. In either event it is unreasonable to infer a building contractor on "time and material" is to work without all his costs and a reasonable profit.

Further, De Luca's argument that in a time and material contract overhead expenses cannot be included unless it is expressly agreed upon is not supported by the cases. *Nolop v. Spettel* (1954), 267 Wis. 245, 64 N. W. 2d 859, cited by De Luca, does not stand for this broad contention. There, the contract expressly defined the term "time and material" in a cost-plus contract as not including overhead. We think there may be a distinction between a cost-plus and a time and material contract. When one hires a contractor to do work and does not make a specific contract for a definite sum, it is generally understood to be for time and material as that contractor does business, *i.e.*, his usual charges for such work. A cost-plus contract is generally in writing with the items of cost and the amount of profit agreed upon. 13 Am. Jur. 2d, *Building and Construction Contracts*, p. 22, sec. 20. A third situation is the position of De Luca, namely, if there is no contract, the work is to be for a reasonable price which the contractor must prove on a *quantum meruit* basis. In *quantum meruit*, one

must prove the reasonable value of the services and material because where no contract exists or the contract is invalid or unenforceable a promise is implied to pay the reasonable value. *Mead v. Ringling* (1954), 266 Wis. 523, 64 N. W. 2d 222, 65 N. W. 2d 35; *Central Refrigeration, Inc. v. Monroe* (1951), 259 Wis. 23, 47 N. W. 2d 438; *Piehl v. Marino* (1949), 254 Wis. 538, 36 N. W. 2d 694.

De Luca relies on *Olbert v. Ede* (1968), 38 Wis. 2d 240, 156 N. W. 2d 422. But in that case there was a definite construction contract for a fixed sum which was so changed by the addition of variances from the original plan that factually it could be said the original contract was abandoned and there was no definite contract for the entire project. Here, we have a "time and material" contract for the entire project.

De Luca contends the evidence is insufficient to support the amounts due the contractors. La Velle, Cudahy, and Schuster, all put in evidence their time, amount paid workmen, price of material and other details. La Velle additionally put in evidence the reasonableness of his overhead charge. The trial court found the evidence of the extent of the work, including extensive overtime necessary to meet the deadline, the material used and price, the wages paid to workmen, and a fair overhead charge and profit was sufficient proof to establish the amount of the claims. We agree and we think in this time and material contract De Luca had the burden of proving the unreasonableness of the charges.

In respect to Schuster and Cudahy, De Luca argues he as the owner can assert to a subcontractor's claim any defenses the principal contractor might have against the subcontractor, relying on *H. & M. Heating Co. v. Andrae* (1967), 35 Wis. 2d 1, 150 N. W. 2d 379. However, the record does not reveal any defense La Velle had or has against Schuster or Cudahy. What De Luca is attempt-

ing to do is to assert his erroneous theory of the nature of the contract and its proof against Schuster and Cudahy. This he cannot do any more than he can assert it against La Velle.

The findings of fact and the conclusions of law of the trial court were extensive and not against the great weight and clear preponderance of the evidence. Its decision was well reasoned and comprehensive and discusses the evidence in detail. We find no reason why the judgments should not be affirmed except in one minor respect. The La Velle judgment is for the amount of his claim as adjusted and less the amounts of the judgments in favor of the subcontractors Cudahy and Schuster. On this appeal, La Velle admits there is an error of $380 in his favor in his judgment because a credit of that amount was overlooked. This should be adjusted in the judgment upon the remand of the record.

*By the Court.*—The principal amount of the judgment in favor of James Patrick La Velle and Clarence Richard Overton, copartners doing business as La Velle-Overton General Contractors, should be reduced by $380 with resulting modification in interest and, as so modified, is affirmed; the judgments in favor of Cudahy Lumber & Supply and of Don Schuster Electric Corporation are affirmed; full costs are allowed to the respondents.