IMPERIAL HOMES, INC., Respondent, v. MAZURCO and others, Appellants.

*No. 31. Argued February 1, 1971.—Decided March 2, 1971.*
(Also reported in 184 N. W. 2d 70.)

For the appellants there was a brief by *Brennan & Brennan* and *Joseph K. Brennan,* all of Milwaukee, and oral argument by *Joseph K. Brennan.*

For the respondent there was a brief by *Usow, Teper & Weiss* of Milwaukee, and oral argument by *Herbert L. Usow.*

HALLOWS, C. J.   This appeal involves a factual question concerning the amount of money owing Imperial. Unless the findings of the trial court are against the great weight and clear preponderance of the evidence, they should not be set aside on appeal.   *Von Trott v. Von Trott* (1903), 118 Wis. 29, 94 N. W. 798; *Estate of Fillar* (1960), 10 Wis. 2d 141, 147, 102 N. W. 2d 210. The propriety of a profit charge for "work and material" in building cases was considered and recognized in *La Velle v. De Luca* (1970), 48 Wis. 2d 464, 469, 180 N. W. 2d 710.

After a thorough review of the evidence, which is not as conflicting as it is confusing, and of the exhibits, we can only conclude the trial court's findings are against the great weight and clear preponderance of the evidence. The trial court found Imperial furnished work and material for Mazurco as follows:

| | |
|---|---:|
| Backfilling | $    40.00 |
| Gutters, rough heating | 200.00 |
| Rough carpentry | 613.90 |
| Roof and vents | 372.00 |
| Backfill | 35.00 |
| Finished carpentry | 533.00 |
| Rough electric | 300.00 |
| | $2,093.90 |

These items are as shown on Imperial's Exhibit 10, which is a copy of what is designated "Journal Entries"

and represent the cost of the items to Imperial. This exhibit has four columns, the first lists the date and the name of the persons furnishing the material or work to Imperial, the type of work, and the cost thereof; the second column merely carries the running balance of these items; the third column is designated "contract price and extras" and most of these items are carried into this column at an increased price with an invoice number; the fourth column entitled "Customer Amount" shows payments of $863.90 and $767, for a total of $1,630.90.

The trial court added to Imperial's subcontract items an amount of $990 for drilling a well; Imperial sublet this drilling (*see* Exhibit 2). Since Imperial did not pay this amount, it was not entered in column one of Exhibit 10 according to the testimony. It was, however, listed in the third column under contract price at $990. To these items the court added a profit of 10 percent, amounting to $308.40, and thus arrived at its total of $3,392.30.

It is uncontested Mazurco gave Imperial two checks, one for $863.90 and one for $767, both shown in Exhibit 10; but Imperial argues these checks were for other work, none of which is included in the amount sued for. But there is no proof of any other work on this home. The labor and material found by the trial court are the only labor and material Imperial furnished Mazurco on the house in question and shown on Exhibit 10; therefore, if any of these items were paid, the judgment is erroneous.

From Exhibit 10 it is clear the gutter and roofing work of $200 and the carpentry work of $613.90 were billed by invoice number 148 in the amount of $863.90. To the item of gutter and roofing work, no profit was added but there was added to the carpentry labor a $50 profit or markup. This markup is shown by the instruc-

tions for billing on Exhibit 5. These two items on invoice number 148 were paid by Mazurco's check of $863.90. The item of $40 for backfill was increased to $45 and designated invoice number 156 (*see* Exhibit 3). The item of $372 for roof and vents was increased $25 to $397 (*see* Exhibit 6) and given invoice number 157. The item of $300 for rough electric work was increased $25 (*see* Exhibit 9), but Exhibit 10 does not give it an invoice number. These three items, amounting to $767, were billed to Mazurco and paid by a check which, although returned by the bank, was later made good. Ralph W. Mann, former president of Imperial, testified he did not know what items were covered by this check. But his books, although imperfectly kept, sufficiently show the items paid.

The $35 item for backfill was increased to $50 and has an invoice number of 186. Mazurco claims he paid this; Exhibit 10 does not show it. The item of $533 for finished carpentry was apparently not billed or paid. Exhibit 10 also shows the well for $990 in column 3.

Consequently, the only items unpaid and without profit were backfill of $35, finished carpentry of $533, and well drilling of $990. These items amount to $1,558; and allowing a 10 percent profit thereon, the amount of recovery should be $1,713.80. In this computation a 10 percent profit as found by the trial court is allowed only on the unpaid items; the items which Mazurco did pay included a profit markup with the one exception of gutters and roofing. The testimony of Imperial was it did not intend to add a profit beyond the amount of the invoices sent to Mazurco.

The judgment should be modified to provide for recovery to Imperial of the principal amount of $1,713.80, plus interest on that amount, and costs.

*By the Court.*—Judgment modified and affirmed, with instruction to enter a judgment consistent with this opinion, with costs to the appellants.