## Lovekin et al., Receivers of Tindel-Morris Co., *v.* Fairbanks, Morse & Co., Appellant.

*Accord and satisfaction—Payment—Less amount—Intention.*

1. Payment and acceptance of less than is due will not defeat a claim for the balance, unless there was an express or implied agreement that it should.

2. An accord and satisfaction cannot arise by reason of an acceptance of less than is due, unless it clearly appears not only that this effect was intended by the payor, but also that the payee expressly agreed to accept the money on that condition, or was bound to know of the payor's intention at the time of its acceptance.

3. An accord and satisfaction can never be implied from language of doubtful meaning; the words themselves deny this possibility.

Mr. Justice KEPHART dissented.

Argued November 28, 1924. Appeal, No. 47, Jan. T., 1925, by defendant, from judgment of C. P. No. 3, Phila. Co., June T., 1921, No. 7565, on verdict for plaintiffs, in case of Luther D. Lovekin and J. B. Colahan, receivers of Tindel-Morris Co., v. Fairbanks, Morse & Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEP-HART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit for goods sold and delivered. Before FERGUSON, J.

The opinion of the Supreme Court states the facts.

Judgment on directed verdict for plaintiffs for $3,499. Defendant appealed.

*Error assigned* was striking out defendant's evidence, quoting record.

*A. G. Dickson,* for appellant.—Where in case of dispute a sum is offered as payment in full, the party to whom it is made must refuse or accept on the conditions involved in the tender. If he accepts the payment, the

condition on which it was made goes with it: Bernstein v. Hirsch, 33 Pa. Superior Ct. 87.

*Robert J. Boltz,* for appellees, cited: Societe Anonyme, etc., v. Loeb, Lipper & Co., 239 Pa. 264; Dimmick v. Banning, Cooper & Co., 256 Pa. 295; Amsler v. McClure, 238 Pa. 409.

OPINION BY MR. JUSTICE SIMPSON, January 5, 1925:

When appellees were appointed receivers of the Tindel-Morris Company, there were two unsettled accounts between that company and appellant, who was defendant below. The two were exactly alike except as to dates and amounts, and hence only one need be detailed. In it the receivers claimed $9,614.83 for certain materials delivered to defendant; the latter alleged that the goods were not of the quality contracted for, and claimed to recoup $2,920 because thereof. No agreement of settlement or compromise was made, but defendant sent to plaintiff a check for $6,694.83, the amount which was undisputed. On the same paper, below the check, was printed a statement as follows:

"STATEMENT OF SETTLEMENT ACCOUNT OF TINDEL-MORRIS CO.
3 Rivers a/c

| Date | Remarks | Debits | Credits | Balance | Dis-tribution |
|------|---------|--------|---------|---------|------|
| Dec 9 |  | 381 47 |  |  | B H T |
| 31 |  | 9233 36 |  |  |  |
|  | 9614 83 |  | 2920 00 | 6694 83 |  |
|  | Less our |  |  |  |  |
|  | Chg 2/11 |  |  |  |  |

"NOTE: If amount is not satisfactory, return without alteration or correction."

On the back of the check appeared the words "By the endorsement of this voucher check the payee accepts the

amount of same in payment of account as per statement of settlement within." The receivers endorsed the check below the words last quoted, and it was then paid by the bank upon which it was drawn. Appellant claims that this resulted in a full and complete accord and satisfaction, and that no recovery can be had for the disputed amount, which the receivers seek to obtain by this action.

On the trial, defendant produced no evidence to show it was entitled to a credit because of the quality of the goods delivered, but planted its entire defense on the alleged accord and satisfaction. The trial judge directed a verdict for plaintiff, which ruling the court in banc sustained in the following opinion: "The charge of the court directing a verdict for plaintiff sufficiently states the facts and the views of the trial judge on the law: Dimmick v. Banning, Cooper & Co., 256 Pa. 295, and Snowiss v. Elias Loeb & Co., 81 Pa. Superior Ct. 124, are the authorities relied upon. The following language from the first case applies to the case at bar: 'We find no express statement in the letter or elsewhere to the effect that the check, if accepted, would be considered as a compromise of the claim, or that it was tendered as such, or that acceptance thereof would be considered a waiver of plaintiff's right to the balance of their claim. On the contrary, the letter expressly states the payment was made in settlement of the difference between the amount of the plaintiffs' claim and defendant's loss. In view of this statement the clause in the receipt reciting the check to be in full for the above account merely amounts to a receipt in full for the balance of the account and leaves no room for the contention of a tender, as a compromise in settlement of the entire claim of plaintiffs.'" Plaintiff in the instant case thereupon entered judgment on the verdict and defendant appealed.

But little need be added to the above-quoted opinion. The payment made was not a compromise, for it included only the exact amount which was admitted to be due. Paying a less sum than is owing, will not defeat a

claim for the balance, in the absence of an express or implied agreement to that effect. For this reason we have held steadily to the position that an accord and satisfaction cannot arise by reason of the payment of less than is due, unless it clearly appears not only that this was the intention of the payor, but also that the payee expressly agreed to it, or was bound to know of the intention at the time of acceptance; in effect, that "his taking of the check would be tortious except on the assumption of a taking in full satisfaction": 3 Williston on Contracts 3181. It cannot be too strongly stated, that with us an accord and satisfaction can never be implied from language of doubtful meaning; indeed, the words themselves deny this possibility. Hence, when a substantial doubt arises, there can be no such implication, the usual rule applies, and the payment will be treated as on account only. From the language used in the clause on the back of this check, the receivers may well have believed that it was sent for the purpose of "payment of the account as per statement of settlement within"; that is, as payment of the amount admitted to be due, as shown in the accompanying account, exactly as was ruled in Dimmick v. Banning, Cooper & Co., supra, under substantially similar circumstances. If defendant had intended more than this, it should have made its purpose clear.

The language below the statement of the account, viz: "Note: If amount is not satisfactory, return without alteration or correction," does not help appellant. It also is capable of the construction that if the account does not accurately show the amount admitted to be due, the check should be returned for alteration or correction so as to specify the proper sum.

Since what we have said is conclusive against appellant, we do not pass upon the question as to whether or not it could thus deplete an insolvent estate, without leave of the court in whose charge the estate was.

The judgment of the court below is affirmed.

Mr. Justice KEPHART dissented.