(No. 4718.  February 16, 1928.)

ROBERT LEAPER, Respondent, v. J. K. VAUGHT, Appellant.

[264 Pac. 386.]

COMPROMISE AGREEMENT — RESCISSION — FRAUD AND MISTAKE — EVIDENCE—RESTITUTION.

  1. Voluntary settlements of controversies are always favored by the courts.

  2. If compromise agreement settling pending action was accomplished by fraud, false representations or through mutual mistake of a material fact, so that the minds of the parties did not meet, it is subject to impeachment, and, if the fraud or mistake vitiates the agreement as a whole, the parties are placed in their original position, and all the rights which are transferred, released, or discharged thereby are revested, restored, or discharged by the avoidance.

  3. Where defendant, who owned two automobiles of same make, one of which was considerably more valuable than the other, and plaintiff, who had attached one of cars in action against defendant, entered into compromise agreement whereby defendant agreed

to transfer to plaintiff the car under attachment and other consideration, plaintiff being under belief that more valuable car was the one attached, *held* that any statement by defendant that he was turning over the more valuable car under the settlement agreement was a statement of a material fact, and plaintiff had a right to rely thereon without inquiring further as to its truth or falsity and he was entitled to rescind agreement on discovering its falsity.

4.  Where plaintiff is seeking to rescind settlement agreement on ground that automobile turned over to him thereunder was not one which he was to receive thereunder, evidence of conversation previous to the settlement, between plaintiff and go-between who arranged settlement, as to what sum plaintiff would allow for the car, *held* admissible as tending to show basis for plaintiff's conclusion as to which car he was dealing for.

5.  Where a party to a compromise agreement desired to set aside and avoid it and be remitted to his original rights, he must place the other party *in statu quo* by returning or tendering the return of whatever has been received by him under such compromise, but an exception to the rule exists in cases in which rescinding party would be entitled to retain the money or property received even though compromise be set aside.

6.  If there is no dispute as to the amount due, and the creditor is induced by fraud to accept a less amount, he may attack the settlement without returning what he has received.

7.  Where plaintiff who rescinded agreement settling action for sum admittedly owed to him by defendant on ground that automobile turned over to him thereunder was not the one which he was to receive, plaintiff's failure to return cash consideration received under the agreement which was less than sum due was not prejudicial to defendant and did not preclude the rescission, since no tender of cash was necessary.

Publisher's Note.

1.  See 5 R. C. L. 878.

2.  Fraud as affecting compromise, see note in 25 L. R. A., N. S., 308.  See, also, 5 R. C. L. 896.

5.  Necessity of placing party *in statu quo* as condition for equitable relief, see note in 55 Am. St. 519.  See, also, 5 R. C. L. 899, 900.

See Compromise and Settlement, 12 C. J., sec. 32, p. 337, n. 3; sec. 45, p. 348, n. 10; sec. 46, p. 349, n. 14; sec. 49, p. 351, n. 42; sec. 57, p. 355, n. 94; sec. 58, p. 356, n. 11; sec. 63, p. 359, n. 42; sec. 80, p. 366, n. 44.

APPEAL from the District Court of the Fourth Judicial District, for Camas County. Hon. Henry F. Ensign, Judge.

Action upon promissory note. Judgment for plaintiff. *Affirmed.*

Frank Croner and J. G. Hedrick, for Appellant.

"Statements of a party, made without the hearing or knowledge of his adversary, are never competent evidence in his own behalf to prove the facts stated." (*Rogers v. Schulenburg,* 111 Cal. 281, 43 Pac. 899; *Gardner v. Dennison,* 106 Cal. 190, 39 Pac. 526; *Kier v. Hill,* 8 Ida. 111, 66 Pac. 931.)

"Where a party to the settlement has the means in hand of ascertaining the facts, but neglects to avail himself thereof, he cannot thereafter have the settlement set aside because of mistake. . . . . Where there is no such relation of trust or confidence between the parties as imposes on one an obligation to give full information to the other, the latter cannot proceed blindly, omitting all inquiry and examination, and then complain that the other did not volunteer to give the information which he had. This has been held to be the rule even in the case of false statements by one party as to matters equally open to the knowledge or inquiry of the other." (12 C. J., pp. 351–353.)

"Where a party to compromise desires to set aside or avoid the same and to be remitted to his original rights, he must place the other party *in statu quo* by returning or tendering the return of whatever has been received by him under such compromise. This rule obtains even though the contract was induced by the fraud or false representations of the other party, or was obtained under duress, or was made under a mistake of fact, or as to the law; and until this is done the settlement will constitute a good defense." (12 C. J., pp. 355–357.)

R. M. Angel and James & Ryan, for Respondent.

An agreement of compromise is invalid and subject to impeachment if procured by fraud or by false and fraudulent representations.   (12 C. J., p. 348, notes 9 and 10; *Seawell v. Pacific etc. Ry. Co.*, 21 Ida. 277, 121 Pac. 556.) ·

An agreement of compromise is subject to impeachment when entered into through a mutual mistake of fact.   (12 C. J., p. 351, sec. 49.)

A mistake by one of the parties as to the subject matter when of such a character that the minds of the parties cannot be said to have met is ground of rescission.   (12 C. J., p. 351 (45).)

Where an instrument is attached for fraud, all the circumstances and transactions leading up to and surrounding the execution of the instrument, as well as the motives and intentions that prompted the makers to execute it, may be shown.   (*Comeau v. Hurley*, 22 S. D. 310, 117 N. W. 371; *Fairbanks v. Simpson* (Tex.), 28 S. W. 128.)

One who seeks to rescind an instrument is not bound to restore that which he would be entitled in any event to retain, and the consideration, if money, need not be returned where, in case of a decree in favor of plaintiffs, defendant will be required to account for a greater sum. (9 C. J., p. 1210, sec. 97; see authorities under par. 51, p. 1211.)

VARIAN, Commissioner.—Respondent, plaintiff in the court below, instituted this action to recover judgment upon a promissory note executed to him by appellant, and for a balance due upon an open account.  A writ of attachment issued and was levied upon an automobile owned by defendant.  After the action was commenced the parties apparently reached an amicable settlement of their differences whereby defendant agreed to transfer to plaintiff the automobile then under attachment and give his note together with certain cash consideration.  After the settlement had been negotiated, plaintiff, claiming the automobile held under the

attachment was not the car he was to receive, rescinded the compromise agreement and offered to return the consideration received by him, except $21 cash deposited by defendant to plaintiff's credit. The tender was refused. Defendant answered and by way of affirmative defense alleged the compromise settlement and compliance therewith. The cause was tried to a jury and, under instructions to the effect that the settlement was binding upon the parties unless it be shown that the agreement was consummated by fraud or mutual mistake of a material fact, a verdict was rendered for plaintiff. This appeal is from the judgment entered on the verdict.

Before the cause was heard in this court, respondent moved to dismiss the appeal upon the ground that appellant had received and accepted benefits under the judgment, thereby waiving his right to appeal. The motion was supported by affidavits tending to show that appellant, since the judgment, had removed parts of the attached car, paid storage thereon, and otherwise exercised the right of ownership therein. Counter-affidavits were filed denying that appellant had exercised the rights complained of, or paid any storage on the car since the compromise agreement was reached. The motion was submitted at the time the case was argued on the merits. We have examined the affidavits and conclude that the evidence does not sustain respondent's contention, and therefore the motion to dismiss should be denied.

[1, 2] It is first contended that a valid compromise agreement operates as a merger and bar of all included claims and pre-existing causes of action and any subsequent remedy of the parties, with reference to matters included therein must be based on the agreement. Voluntary settlements of controversies are always favored by the courts. (*Heath v. Potlatch Lumber Co.*, 18 Ida. 42, 108 Pac. 343, 27 L. R. A., N. S., 707; *Smith v. Farra*, 21 Or. 395, 28 Pac. 241, 20 L. R. A. 115; *McIsaac v. McMurray*, 77 N. H. 466, 93 Atl. 115, L. R. A. 1916B, 769.) If, however, the agreement of compromise was accomplished by fraud or

false representations (12 C. J. 348), or through a mutual mistake of a material fact, so that the minds of the parties cannot be said to have met in making the settlement, the agreement is subject to impeachment (12 C. J. 351), and, if the fraud or mistake vitiates the agreement as a whole, the parties are placed in their original position; and all rights which are transferred, released or discharged by the agreement are revested, restored, or discharged by the avoidance. (12 C. J. 359.)

The rule is thus stated in *State v. The Southwestern Railroad,* 66 Ga. 403:

"A mistake in a settlement of a suit pending in court, before it is entered of record and made the judgment of the court, always opens it to investigation, and before it is entered it may be corrected; and if it vitiates the settlement as a whole, it should not be made the judgment of the court at all."

[3] The evidence shows that defendant, previous to the proceeding herein, had possession of two Stearns-Knight automobiles of the same design, one, termed by the parties as the "Morton" car, being of considerably more value than the other. Plaintiff, at the time of the issuance of the attachment writ, gave positive instructions to his attorney to have levy made upon the "Morton" car, and, at the time the settlement was made, had not discovered that the car attached was, in fact, the other car. Plaintiff testified that, in making the settlement, defendant "told me he was turning over this Morton car to me." His testimony in this regard is corroborated by the witness Haynie, who, it appears, was a mutual go-between of the parties in arranging the settlement. Defendant testified that the only car under consideration at the time of making the settlement was the one held under the writ of attachment and that was the car he understood he was to transfer. Plaintiff testified in effect that he did not know that defendant owned two Stearns-Knight cars until after the settlement.

Conceding that information as to which car had been attached was equally available to both parties, if defendant

did state that he was turning over the ''Morton'' car it was a statement of a material fact, false, and made under such circumstances that he knew that plaintiff, in making the compromise settlement, relied upon it. Therefore plaintiff had the right to rely upon said statement without inquiring further as to its truth or falsity. (*Watson v. Molden*, 10 Ida. 570, 580, 79 Pac. 503; *Baird v. Gibberd*, 32 Ida. 796, 189 Pac. 56.)

The court amended certain of defendant's requested instructions and gave them as amended. It is insisted that the amendment changed the effect of the requested instructions so that any false representation or mistake would be sufficient to nullify a compromise agreement. It is unnecessary to set forth a detailed consideration of the instructions complained of but is sufficient to say that, when all the instructions are read and considered as a whole, in connection with the facts and circumstances of the case (*Lyons v. Lambrix*, 33 Ida. 99, 190 Pac. 356; *Warner v. Pittsburgh-Idaho Co., Ltd.*, 38 Ida. 254, 220 Pac. 492), the amended instructions are not susceptible of the construction given them by defendant.

[4] Evidence of a conversation between plaintiff and Haynie, the go-between, previous to the settlement, as to what sum the plaintiff would allow for the ''Morton'' car, was admitted over objection. This is assigned as error. The testimony was material as tending to show the basis for Leaper's conclusion as to which car he was dealing for.

[5, 6] In making a tender of the consideration received under the settlement, plaintiff did not offer to return the cash consideration received thereunder. Where a party to a compromise agreement desires to set aside or avoid the same and be remitted to his original rights, he must place the other party *in statu quo* by returning or tendering the return of whatever has been received by him under such compromise. (12 C. J. 355; 5 R. C. L. 899.) An exception to this rule exists in cases in which the party rescinding would be entitled to retain the money or property received even though the compromise be set aside. (12 C. J. 356;

45 Idaho—38

5 R. C. L. 900; *Biddlecom v. General Accident Assur. Corp.,* 167 Mo. App. 581, 152 S. W. 103; *Fox v. Hudson's Exrs.,* 150 Ky. 115, Ann. Cas. 1914A, 832, 150 S. W. 49; *Howard v. McMillen,* 101 Iowa, 453, 70 N. W. 623; *Newark etc. Co. v. Citizens Nat. Bank,* 90 N. J. Eq. 282, 110 Atl. 130; *Scott v. Bevilacqua,* 226 Mass. 554, 116 N. E. 563.)   If there is no dispute as to the amount due and the creditor is induced by fraud to accept a less amount, he may attack the settlement without returning what he has received.   (5 R. C. L. 900; *Fox v. Hudson's Exrs., supra.*)

[7]   In the instant case the amount originally owing plaintiff was admitted—the damages were liquidated—and if the compromise agreement were set aside, the defendant would still owe plaintiff the amount thereof, less any payments made by him.   If plaintiff retained the cash payment, which was less than the sum owed, defendant's rights are not prejudiced because the debt upon which it is applied was a valid and subsisting debt against him.   No tender of the cash deposited was therefore necessary.

The parties stipulated upon the trial that, in case plaintiff should prevail, the court should allow a reasonable attorney's fee for the collection of the promissory note.   There was no error in making the allowance fixed by the court.

We recommend that the motion to dismiss be denied and the judgment be affirmed, with costs to respondent.

McNaughton and Brinck, CC., concur.

The foregoing is approved as the opinion of the court and the motion to dismiss is denied and the judgment affirmed. Costs to respondent.

Wm. E. Lee, C. J., and Budge, Givens and T. Bailey Lee, JJ., concur.