Matthias, J.
 

 A single question of law is presented to this court. Did the Court of Appeals err when it found that delivery to the creditor of the check of the ■debtor bearing the legend, “Payment in full all compensation due,” as payment of monies claimed by the •creditor to be due, but denied by the creditor, and the •cashing of such check by the creditor constituted an accord and satisfaction as a matter of law?
 

 The plaintiff contends that upon the record in this •case an issue of fact was presented and submitted to the tria] court and that issue having been determined ■by the trial judge in favor of the plaintiff and a judgment rendered thereon, the reversal thereof and rendition of a judgment against him by the Court of Appeals was erroneous.
 

 The record in this case clearly discloses that from the time the plaintiff ceased his employment with the defendant there was a disagreement between the parties as to the sum of money due the plaintiff and that -such controversy existed at the time of the execution •and delivery of the check. The plaintiff claimed a ■greater sum than the books and records of the defendant disclosed to be due, and there can be no question that the claim of the plaintiff was unliquidated and in dispute. Likewise, the record clearly discloses the delivery of the check, bearing the legend, “Payment in full all compensation due”; the retention of the check for a period of about six months during which time the plaintiff continued to assert his claim for a greater sum than stated in the check; the cashing of
 
 *454
 
 the check; and shortly thereafter the commencement of' this action. There is testimony in the record by the-plaintiff which tended to show that the check was cashed by him upon the assurance of the vice-president of the defendant that the cashing thereof would; make no difference and if any money was due plaintiff would ‘ ‘ get a fair deal oh it. ’ ’ This is controverted' by the defendant. The pleadings do not aver, and the-evidence does not show, any waiver by the defendant of its right to insist upon the application and enforcement of the condition which was a part of the check.. Admissions by the plaintiff in the record clearly show that the check was cashed upon advice of his counsel and because plaintiff, being then unemployed, needed the money.
 

 The law applicable to such a situation is well established. ’
 

 It is clearly stated in 1 Ohio Jurisprudence, 164,. Section 10, as follows:
 

 “The acceptance of a check marked ‘In full,’ as payment of a liquidated and undisputed debt of larger amount, does not constitute an accord and satisfaction,, and does not operate as an estoppel against the creditor in an action to recover the balance. But where-there is a controversy existing between the parties regarding the amount due, the tender by the debtor of a check marked ‘In settlement of account in full,’' and the acceptance and use of it by the creditor, operate as an accord and satisfaction. So, where there is a bona fide dispute over an unliquidated demand, and' the debtor tenders an amount less than that in dispute,, upon an express condition that if it be accepted it shall be in full of the disputed claim, the creditor must accept it upon the condition, unless the condition be-waived; otherwise, he must refuse it, or, if he has received the amount tendered, he must return it. The-
 
 *455
 
 (creditor may refuse the terms tendered, and where he does so no accord and satisfaction can be predicated ■on the mere tender.”
 

 The case of
 
 Seeds Grain & Hay Co.
 
 v.
 
 Conger,
 
 83 Ohio St., 169, 93 N. E., 892, 32 L. R. A. (N. S.), 380, is cited in support of the above statement. The syllabus of that case is as follows:
 

 “1. Where there is a bona fide dispute over an unliquidated demand and the debtor tenders an amount •less than the amount in dispute, upon the express condition that it shall be in full of the disputed claim, the creditor has but one alternative; he must accept the amount tendered upon the terms of the condition, unless the condition be waived, or he must reject it entirely, or if he has received the amount by check in a letter, he must return it.
 

 “2. Where in such case the creditor retains a check which was sent upon the condition that it shall be in ■full satisfaction of the debt claimed to be due, and -receives the money thereon and notifies the debtor ■that the amount is placed to his credit, but that he does not intend that the same shall close up the matter in dispute, to which the debtor makes no reply, such silence by the debtor does not amount to a withdrawal of the condition which accompanied the tender, nor to .a waiver of it. The transaction is an accord and satisfaction.”
 

 In that case upon evidence that a check marked “Settlement in full August account” was cashed by the creditor and applied to the credit of the debtor, the creditor immediately claiming additional sums due, the court, at the conclusion of all the evidence, sustained a motion to withdraw the case from the jury ¡on the ground that the transaction, as shown by the check and letters, became an accord and satisfaction upon the acceptance of the money by the plaintiff. The
 
 *456
 
 Circuit Court affirmed the judgment of the trial court and this court in turn affirmed the judgment of the-Circuit Court thus holding that under such a set of facts the cashing of the check became an accord and. satisfaction as a matter of law.
 

 The holding in the
 
 Seeds case, supra,
 
 is supported' by the weight of authority in this country; In 6 Williston on Contracts (Rev. Ed. 1938), 5214, Section 1854, under the heading of “Check sent in payment of' disputed claim” is found the following pertinent language :
 

 “A few jurisdictions in the United States have-sustained the creditor’s contention that, where the-debtor attempts to impose such a condition upon the creditor’s right to take the check, the question of his assent to the proposition must be dealt with as one of' fact. But the great and increasing weight of authority in the United States is to the contrary, and as a matter of law regards the use or retention of the check by the creditor, with knowledge of the condition, as assent to it. It is said that the acceptance of the check necessarily involves an acceptance of the condition upon which it was tendered.”
 

 In support of that statement a great many cases-are cited, among which is the
 
 Seeds case, supra.
 

 To the same effect is the following statement in 4 Page on the Law of Contracts (2 Ed. 1920), 4418, Section 2504:
 

 “In such a case, * * * the act of the debtor in sending-a check which is marked ‘in full’ and the like, should" ordinarily be regarded by the creditor .as an offer of an accord. If he accepts the check and makes use of it, the question is then presented whether such act is an acceptance or whether his declaration made to the creditor, that he does not accept the check in full can-operate as a rejection of the offer, leaving his act in
 
 *457
 
 ■cashing the check a wrongful act. This is a special phase of the general question whether an offer which is to be accepted by an act can be rejected if the person to whom the offer is made declares that he rejects it, but, nevertheless, takes advantage of such offer by •doing an act which would be a wrong if it were not for such offer. In cases of this sort, it is held by the great weight of authority that the act of the party to whom the check is sent in accepting such check and in making use thereof, operates as an acceptance of the offer, ■even though the party to whom the check is sent notifies the party who sent it that he does not accept such check as full payment of his claim.”
 

 See, also, I American Jurisprudence, 224
 
 et seq.,
 
 ■and 1 Corpus Juris Secundum, 515
 
 et seq.
 

 The controversy between the plaintiff and the defendant might have been continued properly by the prompt return of the check, but the plaintiff cannot accept and cash the check in a situation such as presented in this case and avoid the application of the well established rule that such action constitutes an accord and satisfaction.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Hart, Zimmerman, Stewart, Turner and Taft, JJ., concur.