GEORGE P. LITTLE CO., INC., PLAINTIFF-APPELLANT, *v.*
LASKA & SONS, INC., DEFENDANT-APPELLEE.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25936.   Decided July 6, 1962.

*Messrs. Squire, Sanders & Dempsey,* for plaintiff-appellant.
*Messrs. Blum & Blum,* for defendant-appellee.

(HUNSICKER and DOYLE, JJ., of the Ninth District, and
GRIFFITH, J., of the Seventh District, sitting by designation in
the Eighth District.)

HUNSICKER, J.   In this appeal on questions of law, The
George P. Little Co., Inc., herein called "company," brought
suit against Laska & Sons, Inc., herein called "Laska," for an
amount claimed to be the balance due on two contracts entered
into with Laska.   The case was heard in the Municipal Court
of Cleveland, Ohio, before the trial judge only.

The company said it had entered into two contracts with
Laska to do certain work on a building in Middleburgh Heights,
Cuyahoga County, Ohio.   On or about August 12, 1957, when
Laska said he could not make payment of the amounts then
claimed for labor and materials furnished under the contracts,
the parties had some discussion concerning payment of the

amount due. On September 5, 1957, the work under the contract was stopped by the company, although materials to complete the work had been previously delivered to the Laska building. No work under either contract was done by the company after September 5, 1957.

On November 4, 1957, the company filed a mechanic's lien on the Laska building, claiming that there was then due it, from Laska, for labor and material, "in pursuance of a certain contract with Laska & Sons, Inc.," the sum of $4,558.78.

Mr. Laska claims that he called Mr. Hull, an official of the company, when notice of the lien was given, and complained that: the work was not completed; the claimed amount due was too great; "the quotations on the bill were wrong"; and the quotations on the mechanic's lien were wrong.

On November 25, 1957, Central National Bank of Cleveland, as agent for Laska, sent a check to the company in the amount of $4558.78, the letter accompanying this check saying, in part:

"We are enclosing our check for $4,558.78, payable to your order, which represents payment in full for all work done for Laska & Sons, Inc., on property located at 6886 Pearl Road in Middleburgh Heights, Ohio, up to November 25, 1957."

Receipt of this letter, and the check, was acknowledged by the company.

In the spring of 1958, Laska itself completed the work called for by the contracts, using the materials which the company had delivered to the Laska building on or prior to September 5, 1957.

The George P. Little Co., Inc., then instituted this action, claiming the amount due under the contracts, less the payment received on November 25, 1957, and less an amount of credit for the work Laska itself had done in completing the contracts. Laska never had agreed that this grant of credit was correct.

Laska & Sons, Inc., claims that an accord and satisfaction was had between the parties arising out of the settlement of the disputed unliquidated claim set out in the mechanic's lien.

The question as to whether a bona fide dispute existed between the parties was for the trial judge. *City of Indianapolis* v. *Domhoff & Joyce Co.*, 69 Ohio App., 109; *Yin* v. *Amino Products Co.*, 141 Ohio St., 21; *Morris Skilken & Co., Inc.* v. *Watkins Furniture Co.*, 87 Ohio Law Abs., 208.

The trial judge determined, from the pleadings and the evidence (and there was sufficient credible evidence to sustain his judgment), that the work was not completed; that a dispute as to the amount of work done, material delivered, and amount due, existed between the parties under such a situation; that when the company agreed to accept the amount, which it stated in its mechanic's lien was for all labor and material performed under a contract (the claims of which were disputed), the parties had reached an accord and satisfaction as to all matters under both contracts. See: *Seeds Grain & Hay Co.* v. *Conger*, 83 Ohio St., 169; *Platt* v. *Penetryn System, Inc.*, 151 Ohio St., 451.

We cannot conclude that the judgment so entered by the trial judge was against the manifest weight of the evidence or contrary to law.

The judgment must be affirmed.

Judgment affirmed.

DOYLE and GRIFFITH, JJ., concur.