409 P.2d 398

**D. N. NORDLING, Patricia Newby, and D. L. Nordling, dba Norco, a co-partnership, Plaintiffs-Appellants,**

v.

**WHELCHEL MINES COMPANY, an Idaho corporation, Defendant-Respondent.**

No. 9633.

Supreme Court of Idaho.

Dec. 28, 1965.

Marcus, Leggat & Marcus, Boise, for appellants.

Richards, Haga & Eberle, Boise, for respondent.

TAYLOR, Justice.

Plaintiffs (appellants) were doing business as a partnership engaged in the business of sales and rental of welding equipment and supplies in Boise, Idaho. Defendant (respondent) was a corporation organized under the laws of the State of Idaho and engaged in the operation of a mining property near McDermitt, Nevada. May 8, 1962, the parties entered into an agreement for the lease of certain welding equipment by plaintiffs as lessors to defendant as lessee for a rental of $40 per month. No rental was paid by defendant until early in December, 1962, when the sum of $280 had accrued thereon. At that time a representative of the defendant called at plaintiffs' place of business for the purpose of making settlement. The parties do not agree upon the date of this meeting. Plaintiffs' witnesses testified the meeting occurred on December 5th. Defendant's witnesses testified the meeting occurred about the 1st or 2nd of December. It developed at the meeting that the parties were in disagreement as to the contract made by them when the equipment

was let to defendant in May, 1962. Plaintiffs' witnesses testified that a simple rental contract was agreed upon for a rental of $40 per month, the equipment to be returned to plaintiffs when no longer needed by defendant. Defendant's witnesses testified that in addition to the rental agreement it was further agreed that defendant could purchase the property for the purchase price of $385, and that 90% of the rental paid thereon could be applied to the purchase price. Under date of December 4, 1962, the following letter was mailed to plaintiffs by defendant.

> "P. O. Box 111
> McDermitt, Nevada
> December 4, 1962

"Norco
Box 2060
Boise, Idaho          REGISTERED

"Gentlemen:

"As per our agreement of May 9th 1962, we are enclosing our Bank Check in the amount of $413.00 which covers payment in full for one 180 amp Lincoln engine welder. Serial # 320020- 123065 by invoices.

| "1 used welder—Purchase Price | $385.00 |
|---|---|
| Rental to December 9th, 1962 | 280.00 |
| 90% of rental to apply on purchase | 252.00 |
| Difference Due | $ 28.00 |
| Purchase Price | 385.00 |
| TOTAL | $413.00 |

"Very truly yours,

/s/ William E. Whelchel, President
WHELCHEL MINES COMPANY

"WEW/w

"Enclosures—Check for $413.00."

———◆———

This letter was received by plaintiffs December 7, 1962.

Under date of December 13, 1962, plaintiffs, by letter, denied that the arrangement of May 8th included an agreement that defendant could purchase the equipment for the sum of $385, or that it could apply any part of the rental payments thereon, and advised defendant that plaintiffs would not accept the settlement proposed by defendant in its letter of December 4th, and that defendant's check in the amount of $413, enclosed therewith, had been applied—$280 thereof in payment of

rent due and the remaining $133 credited to defendant's account, and advised defendant that if it desired to purchase the equipment it could do so for a purchase price of $459.70, and the $133 credit could be applied thereon, and that if defendant did not desire to purchase the equipment the $133 would be remitted to defendant upon return of the equipment, and in case defendant so elected plaintiffs demanded immediate return of the equipment. Defendant did not respond to plaintiffs' letter of December 13th, and plaintiffs thereafter continued to charge defendant's account with rental for the equipment at the rate of $75 per month. Plaintiffs explained the increase in rental by saying that a mistake had been made in the original rental and that the equipment should have been rented at the rate of $75 per month in the first instance. In response to plaintiffs' continued monthly billings of rental at $75 per month, defendant, by letter transmitted to plaintiff on July 8, 1963, asked plaintiffs to "Cease and Desist" sending rental statements, and further advised:

"As you know, our company paid for this welder IN FULL as per agreement by Bank Check drawn on the Bank of Idaho at Caldwell. The check was sent with a letter of transmittal and was clearly marked 'payment in full'. This check was accepted and cashed by your company as per agreement."

In November, 1963, plaintiffs commenced this action for the recovery of the welding equipment and for rental claimed due thereon. By answer defendant denied the allegations of the plaintiffs' complaint and affirmatively alleged its purchase of, and payment for, the equipment.

Upon trial the jury's verdict was returned in favor of the defendant. Plaintiffs prosecute this appeal from the judgment entered thereon.

■ Plaintiffs assign as error the giving of instructions Nos. 10, 11 and 12 and the denial of their motion for a new trial. Plaintiffs contend that by the instructions complained of the court erroneously submitted to the jury the issues as to whether an accord and satisfaction or a compromise and settlement had been executed between the parties. Its first contention is that such defenses had been waived by defendant because not pleaded in its answer. Under our rules such defenses are waived by failure to plead them. Werry v. Goodman, 78 Idaho 298, 301 P.2d 1111 (1956); Stone v. Webster, 65 Idaho 392, 144 P.2d 466 (1943); IRCP rules 8(c) and 12(h); 1 Am.Jur.2d, Accord and Satisfaction, § 53.

■ However, by IRCP rule 15(b), it is provided that "When issues not raised by the pleading are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Rule 15(b) fur-

ther provides that upon trial, amendments to pleadings should be allowed freely when objection is made that the evidence offered is not within the issues, in order that the cause may be determined upon its merits. The evidence in the record tending to establish accord and satisfaction and compromise and settlement, not having been objected to at the trial, will now be considered as though such defenses were pleaded.

It is conceded that the issue as to whether the agreement of May 8, 1962, gave defendant the option to purchase the equipment leased, was an issue for determination by the jury, and that the jury's verdict thereon would be conclusive as a determination of an issue of fact as to which the evidence was conflicting. Plaintiffs make no contention on this appeal that the jury's verdict on that issue should now be set aside by this court. It is plaintiffs' contention here that the evidence does not establish an accord and satisfaction, nor a compromise and settlement, and that it was therefore error to submit such defenses to the jury and since the jury's verdict may have been based upon one or the other of such defenses, it must be set aside and a new trial ordered.

"Accord and satisfaction is a method of discharging a contract or cause of action, whereby the parties agree to give and accept something in settlement of the claim or demand of the one against the other, and perform such agreement, the 'accord' being the agreement, and the 'satisfaction' its execution or performance." 1 C.J.S. Accord and Satisfaction § 1, p. 462.

"To constitute an accord and satisfaction there must be an offer in full satisfaction of the obligation, accompanied by such acts and declarations as amount to a condition that if it is accepted, it is to be in full satisfaction, and the condition must be such that the party to whom the offer is made is bound to understand that if he accepts it, he does so subject to the conditions imposed." 1 Am.Jur.2d, Accord and Satisfaction, § 1, p. 301.

"Although it appears that, strictly speaking, accord and satisfaction is to be distinguished from compromise and settlement, no satisfactory statement of the distinction has been formulated, and at the present time the terms are often used interchangeably." 1 C.J.S. Accord and Satisfaction § 1 b(4), p. 464.

Plaintiffs cite Clay v. Rossi, 62 Idaho 140, 108 P.2d 506 (1940) wherein this court said:

" * * * in order for the acceptance of a check to amount to an accord and satisfaction, where it is for a lesser sum than is claimed by the creditor

to be due, the conditions must be made plain, definite and certain by the debtor that he is giving such check in complete settlement and satisfaction of all account between him and his creditor and that acceptance thereof shall close the account or controversy." 62 Idaho at 149, 108 P.2d at 509.

" 'It is an essential element in accord and satisfaction by tender of a check that the tender is subject to the condition that the acceptance of the check is satisfaction in full. This condition is not shown by the mere fact that the debtor accompanies the check with an account showing a balance equal to the amount of the check, * * *.' 1 Cal.Jur., p. 134, sec. 10." 62 Idaho at 150, 108 P.2d at 510.

" '* * * an accord and satisfaction cannot arise by reason of the payment of less than is due, unless it clearly appears not only that this was the intention of the payor, but also that the payee expressly agreed to it, or was bound to know of the intention at the time of acceptance; in effect, that "his taking of the check would be tortious except on the assumption of a taking in full satisfaction"; 3 Williston on Contracts, 3181. It cannot be too strongly stated that with us an accord and satisfaction can never be implied from language of doubtful meaning; indeed, the words themselves deny this possibility. Hence, when a substantial doubt arises, there can be no such implication, the usual rule applies, and the payment will be treated as on account only.' [Lovekin v. Fairbanks, Morse & Co., 282 Pa. 100, 127 A. 450, 451.]" 62 Idaho at 150, 108 P.2d at 510.

Plaintiffs list the essential elements of accord and satisfaction, as follows:

"They are (1) an offer in full settlement of the obligation; (2) acts and declarations accompanying the offer that amount to a condition that if the offer is accepted it is to be in full satisfaction, and (3) the condition must be such that the offeree is bound to understand that if he accepts the offer he does so subject to the condition imposed."

Defendant's check payable to plaintiffs in the amount of $413 bearing the notation "payment in full," and contents of defendant's letter of December 4th, are sufficient to constitute an offer in full settlement of the obligation; and the contents of the letter showing a tender of $133 more than was due for rent with the declaration that it constituted payment in full for the property involved, and the computation of the manner in which the amount was arrived at, expressly including purchase price and rental, were sufficient to condition the of-

fer as full satisfaction, and were such as to clearly advise the plaintiffs that their acceptance of the check was subject to that condition. The statement of account in defendant's letter of December 4th was not such as that referred to in Clay v. Rossi, supra. There are two distinctions; first, in this case the check was accompanied by a letter which declared the check to be in full payment of the purchase price; and, second, the balance included $133 more than was due on the account for rent.

Plaintiffs also cite Conklin v. Patterson, 85 Idaho 331, 379 P.2d 428 (1963), quoting therefrom the following:

" * * * in accord and satisfaction the discharge is effected by compliance with other terms than those originally agreed upon." 85 Idaho at 338, 379 P.2d at 432.

In this regard plaintiffs contend that defendant did not propose an accord or compromise upon terms other than those originally agreed upon, but insisted at all times, and in its letter of December 4th, that settlement was being made only upon terms originally agreed to, as defendant interpreted the original agreement. Such was and is the position of defendant. However, it cannot be determined from the verdict whether the jury agreed with defendant's contention as to what the original agreement was or whether the jury agreed, as plaintiffs contend, that it was a rental agreement only. Assuming that the jury did agree with plaintiffs as to the original agreement, then certainly the accord or compromise offered by defendant was on terms other than those originally agreed upon.

█ Authorities from other jurisdictions supporting our conclusion that the evidence in this case was sufficient to sustain a verdict by the jury that an accord and satisfaction, or a compromise and settlement, had been executed between these parties, are:

"In the case before us the affidavits do not disclose any oral or written statements expressing the fact that the checks in question were tendered upon the condition that they be accepted in full settlement, except the notations on the checks themselves. It appears to be the general rule, however, that a notation 'in full' upon the check sufficiently shows that the payment was tendered upon the condition that it be accepted in full satisfaction. 1 Am. Jur., Accord and Satisfaction, page 225, sec. 24. See cases cited in Annotation, 34 A.L.R. 1035, 1036, and Annotation, 75 A.L.R. 905." Olson v. Northwestern Furniture Co., 6 Wis.2d 178, 94 N.W.2d 179 (1959).

Dodd v. Polack, 63 Wash.2d 828, 389 P.2d 289 (1964); Mitchell v. Certified Finance, Inc., 183 Kan. 787, 332 P.2d 516 (1958);

Platt v. Penetryn System, Inc., 151 Ohio St. 451, 86 N.E.2d 600 (1949); Hutchinson v. Culbertson, 161 Pa.Super. 519, 55 A.2d 567 (1947); Baggett v. Chavous, 107 Ga.App. 642, 131 S.E.2d 109 (1963); Fidelity and Casualty Co. of New York v. Nello L. Teer Co., 250 N.C. 547, 109 S.E.2d 171 (1959); Rivers v. Cole Corp., 209 Ga. 406, 73 S.E.2d 196 (1952); Rycade Oil Corporation v. Lasater (Tex.Civ.App.) 375 S.W.2d 556 (1964); Hyman Investment Co. v. Tomerlin (Tex.Civ.App.) 326 S.W.2d 607 (1959); 6 Williston on Contracts, Rev'd Ed., § 1854.

■ The portion of instruction No. 10 complained of by plaintiffs was as follows:

"Where there is a bona fide dispute between two parties as to the amount due and owing from one to the other on an unliquidated claim and the debtor tenders a negotiable bank check for the amount which he claims is due, and tenders the same in full payment and settlement, and the creditor accepts and cashes the same without objection, it is a payment and a discharge of the account in full."

This statement of the law is in accord with the authorities above cited and was not erroneous.

■ The portion of instruction No. 11 complained of by plaintiffs is as follows:

"You are instructed that if the check in the sum of $413.00 was sent to the plaintiffs by the defendant Whelchel Mining Company as full settlement of an honest disputed claim between plaintiff and defendant, then the plaintiff, as a matter of law, was not entitled to receive and appropriate the amount thereof. You are further instructed that a tender of such a kind must be accepted as a whole or not at all; and if the application of the check was applied in a manner not authorized by defendants, then plaintiff can not recover in this action."

The first sentence is a non sequitur fallacia consequentis. However, any conclusion or misunderstanding by the jury was avoided by the remaining portion of the instruction, which was as follows:

"If the jury believes from the evidence that prior to the bringing of this suit by the plaintiff against the defendant there was an honest dispute between the plaintiffs and the defendant as to either the amount due from the defendant to the plaintiffs or the nature of the agreement between the parties and on or about the 5th day of December, 1962, in order to settle and adjust the controversy and account, the defendant delivered to the plaintiffs a check for $413.00 and that said check was delivered to the plaintiff with the statement and understanding that it was given and should be received in full settlement and payment

of said claim of the plaintiffs against the defendant and plaintiffs received said check, and collected and kept the amount thereof, but refused to cancel and satisfy the account, then the Court instructs you as a matter of law that the plaintiff can not recover in this action."

The portion of instruction No. 12 complained of was as follows:

"If settlement by way of a compromise on a disputed claim is made, it can not be avoided by either party, unless the party who makes such claim and seeks to rescind the settlement, returns to the other party what he has received by virtue of it. If he keeps what he received, he ratified the settlement and is bound by it."

It was plaintiffs' contention that this instruction disregarded the exception to the rule there stated, as set out in Leaper v. Vaught, 45 Idaho 587, 264 P. 386 (1928):

"An exception to this rule exists in cases in which the party rescinding would be entitled to retain the money or property received even though the compromise be set aside." 45 Idaho at 593, 264 P. at 388.

The exception, however, is not applicable here because in this case the plaintiffs received $133 more than they were entitled to retain on account of rent. This sum they did not return to defendant and although they did offer to credit the amount upon a subsequent purchase of the welder equipment, on the immediate return thereof, they actually charged subsequently accruing rental at an increased rate more than offsetting the original credit.

The instructions submitting the defenses of accord and satisfaction and compromise and settlement were not erroneous. The court did not err in denying plaintiffs' motion for a new trial by which the same issues were raised.

Judgment affirmed.

Costs to respondent.

McQUADE, C. J., and McFADDEN, SMITH and KNUDSON, JJ., concur.