454 P.2d 602

**Charles E. JACOBY, Plaintiff-Appellant,**

**· v.**

**Joe CAPALDI, Defendant-Respondent.**

**No. 10362.**

Supreme Court of Idaho.

May 21, 1969.

St. Clair, St. Clair, Hiller & Benjamin, Idaho Falls, for plaintiff-appellant.

Denman, Reeves & Oksendahl, Idaho Falls, for defendant-respondent.

SHEPARD, Justice.

This case involves commissions and fringe benefits earned by appellant Jacoby while acting as an insurance salesman. Respondent Capaldi is a general agent for an insurance company, and in September of 1966 he engaged Jacoby to act as a selling agent. As a selling agent, Jacoby was to receive commissions and, if he obtained a certain level of sales, a Hawaiian vacation.

Policies of insurance were thereafter sold by Jacoby. This action results from five of those sales. Appellant Jacoby claims he sold the policies and is entitled to the full selling agent's commission and also to credits toward the Hawaiian vacation. Respondent Capaldi contends that the five policies were jointly sold and that the selling agent's commission should be split between Jacoby and himself. The position of the insurance company is that the sales should be treated as joint sales and the commissions split. The affidavit of one Rapp, Superintendent of Agencies for the company, so states. Benfer and Pettit, associates of Jacoby in the insurance business, state in an affidavit that Capaldi in their presence stated that Jacoby should have the entire commissions.

There is obviously a factual controversy regarding the arrangement between Jacoby and Capaldi and the division, if any, of the commissions resulting from the five sales.

Capaldi delivered to Jacoby a check for $3,924.16, which bore the notation on the reverse side:

"Commissions for Policy Nos. 886979, 887039, 887040, 887041, 887042, 887656, 888943."

The check represented one-half· of the selling agent's commissions on the five policies in question. It also represented

the total selling agent's commissions on two policies not in controversy. The amount tendered thus represented Capaldi's contentions and was not a compromise. That sum was admittedly due to Jacoby. After the check was tendered, Jacoby claims that repeated conversations took place with Capaldi in which Capaldi stated that he was still discussing the entire matter with the company and hoping to work out a successful resolution.

After Jacoby had retained the check in his possession for 55 days, he cashed it, adding the following endorsement:

"This check is endorsed as acceptance of the full first year commission on policies numbered 886979 & 888943, but for only 50% of the first year commissions on policies numbered 887039, 887040, 887041, 887042 and 887656."

Jacoby contends that although he recognized that the check at the outset was tendered as full payment of the disputed commissions, he never accepted the check as full payment.

Appellant Jacoby brought this action for sales commissions of $3,750. still due and $2,000. additional, the value of the Hawaiian vacation. Respondent Capaldi moved to dismiss for failure to state a claim upon which relief could be granted. Affidavits and briefs setting forth the contentions of the parties as above described were filed with the District Court. The court treated the motion as one for summary judgment pursuant to Idaho Rules of Civil Procedure 56(b), and dismissed the action. The court reasoned that the cashing of the check constituted an accord and satisfaction.

There is but one question presented by this appeal: Does the retention of this check for 55 days and the subsequent cashing thereof amount to an accord and satisfaction? It is our opinion that it does not and hence the matter must be reversed and remanded for trial on the merits.

This Court in Fairchild v. Mathews, 91 Idaho 1, 415 P.2d 43 (1966), dealt with the law of accord and satisfaction, and stated:

"Accord and satisfaction is a method of discharging a contract or cause of action, [w]hereby the parties agree to give and accept something in settlement of the claim or demand of the one against the other, and perform such agreement, the 'accord' being the agreement and the 'satisfaction' its execution or performance.

"To constitute an accord and satisfaction there must be an offer in full satisfaction of the obligation accompanied by such acts and declarations as amount to a condition that if it is accepted, it is to be in full satisfaction, and the condition must be such that the party to whom the offer is made is bound to understand that if he accepts it, he does so subject to the conditions imposed. Nordling v. Whelchel Mines Co., 90 Idaho 213, 409 P.2d 398; Clay v. Rossi, 62 Idaho 140, 108 P.2d 506; 1 Am.Jur.2d, Accord and Satisfaction, § 1, p. 301; 1 C.J.S. Accord and Satisfaction § 6, p. 476.

"In order for the acceptance of a check to amount to an accord and satisfaction, where it is for a lesser sum than is claimed by the creditor to be due, the conditions must be made plain, definite and certain by the debtor that he is giving such check in complete settlement and satisfaction of all account between him and his creditor and that acceptance thereof shall close the account or controversy. Also an accord and satisfaction cannot arise by reason of the payment of less than is due, unless it clearly appears not only that this was the intention of the payor, but also that the payee expressly agreed to it, or was bound to know of the intention at the time of the acceptance; in effect, that his taking of a check would be tortious except upon the assumption of a taking in full satisfaction. It cannot be too strongly stated that an accord and satisfaction can never be implied from lang-

uage of doubtful meaning; indeed, the words themselves deny this possibility. Hence, where a substantial doubt arises, there. can be no such application, the usual rule applies, and the payment will be treated as on account only. Clay v. Rossi, supra; Lovekin v. Fairbanks, Morse & Co., 282 Pa. 100, 127 A. 450, 451 (1925). See Nordling v. Whelchel Mines Co., supra, where this language is quoted and accepted."

Appellant admits that the check was *tendered* initially in full payment of the disputed claim, but contends that subsequent conversations between the parties during the period that the check was held led him to believe in effect that there was a possibility of his receiving additional sums. The original endorsement did not expressly state, nor did any accompanying writing, that negotiation of the check constituted acceptance of that amount in full payment. In these particulars this case is distinguishable from Rush v. G-K Machinery Co., 84 Idaho 10, 367 P.2d 280 (1961), and Nordling. v. Whelchel Mines Co., 90 Idaho 213, 409 P.2d 398 (1965), which cases are relied upon by respondent.

Respondent has admitted throughout the proceedings that the check represented one-half the selling agent's commission and that appellant is entitled to at least that sum. Therefore, appellant's taking of the check would not be "tortious" absent an assumption of full satisfaction. The endorsement placed on the check by appellant is susceptible of two constructions: that appellant knew the check was tendered as full satisfaction or that appellant was clarifying the doubtful and ambiguous language of the original endorsement.

Even the meager record presented here indicates that the facts surrounding the supposed accord and satisfaction are unclear, controverted, and disputed. As we said in Fairchild v. Mathews, supra:

"To constitute an accord and satisfaction there must be an agreement by the creditor to accept less than full payment and whether the creditor did accept the debtor's proposition as satisfaction is ordinarily a question of fact. Also where the question of whether the debtor tendered the check in full payment of the sum due or whether the creditor with the knowledge that the check was so tendered accepted it, is one of fact for the jury inasmuch as it involves an intention as expressed by the acts and statements of the parties. 1 Am.Jur.2d, Accord and Satisfaction, §§ 16 and 18, pp. 314 and 317–318.

"As stated in Clay v. Rossi, supra:

'The defense of accord and satisfaction is, in effect, a substitution of a new contract for a previous contract or tort; and the rule is, that the burden of proof is on the one who relies on the new contract in settlement of the old obligation or controversy.'

That opinion also recognizes the rules that where circumstances permit of reasonable inferences that there was or was not an accomplished accord, the question is one for the jury."

The motion for summary judgment on Count One for insurance commissions should have been denied. Idaho Rules of Civil Procedure 56(c); Merrill v. Duffy Reed Construction Co., 82 Idaho 410, 353 P.2d 657 (1960); Christiansen v. Rumsey, 91 Idaho 684, 429 P.2d 416 (1967).

It appears that disposition of Count One of the complaint makes unnecessary any determination as to Count Two.

The decision on summary judgment on both counts is therefore reversed and the action remanded for trial on the merits. Costs to appellant.

McFADDEN, C. J., and McQUADE, DONALDSON and SPEAR, JJ., concur.